## DOUGLAS COUNTY ROAD CO., RESPONDENT, *v.* COUNTY OF DOUGLAS, APPELLANT.

WRIT OF REVIEW—FACTS NOT TRIED UNDER.—The superior court, on proceedings for review, has nothing to do with the evidence upon which the court below acted in its finding of facts. It will not examine such evidence, nor try anew the questions of fact; but will review the decision of the court below upon the ultimate facts appearing in the record.

EVIDENCE—CONTRACT BY COUNTY.—The question being as to whether the county court of Douglas county executed a certain contract which the

petitioners sought to have entered upon the records of the county court and enforced as a contract of the county; to prove such alleged contract, the petitioners relied upon a writing, which was made a part of the record of the proceeding, signed by the county judge and one commissioner, and attested by the county clerk in his official capacity, which paper purported to be a contract, as claimed: *Held*, that this paper could only be impeached by evidence tending to prove that it was not genuine, and that the recitals contained in it were not true.

APPEAL from Douglas County.

The facts are stated in the opinion of the court.

*W. R. Willis and S. H. Hazard, Prosecuting Attorney,* for appellant.

*J. F. Gasley and W. W. Thayer,* for respondent.

By the Court, SHATTUCK, J.:

This cause comes into this court upon appeal from the circuit court for Douglas county, and was brought into the circuit court by writ of review from the county court of that county. As the matter has been before this court at previous terms, the present aspect of the case may be more clearly presented by referring to the history of the case.

The matter involved herein first came before this court in the suit of *The Douglas County Road Co. v. Abraham et al.,* decided at the December term, 1874, and reported in 5 Or. 322. In that case an attempt was made by the plaintiff (the respondent in this appeal) to introduce in evidence the alleged contract or agreement between the plaintiff and the county court of Douglas county, which is described in this writ of review, and is the chief matter in controversy in this proceeding. The court sustained the objections of the defendants in that case to the introduction of the instrument in evidence, on the ground that it had not been entered in the journals of the county court, so as to make it available as evidence, and the plaintiff failed in the suit.

Thereupon said plaintiff (this respondent) commenced another suit in equity in the circuit court of Douglas county against the county court, the county itself and other parties, seeking, among other things by way of relief, an injunc-

tion restraining the county authorities from granting to another private corporation the privilege and right in and over the Canyon Road in said county, which it was claimed had been already granted to plaintiff in and by the contract or agreement before mentioned, and praying the circuit court to enter up in its journal, and so render it available as evidence, the contract in question.

The relief prayed for in that suit was denied by the circuit court, and this court, on appeal at the July term, 1875, affirmed the decision of the circuit court, holding that the plaintiff had no remedy in equity to have the record of the county court completed, but that the proceeding should be by mandamus, or by the writ of review. (5 Or. 374.)

The plaintiff also, on the eighth day of April, 1875, made an application in form of a motion to the county court of Douglas county, sitting to do county business, based upon a copy of the alleged contract or agreement, and the affidavits of two members of the court at the time the contract bore date but not then in office, to have said contract or agreement entered on the journal of the county court *nunc pro tunc*. The county court so sitting to do county business, being composed of different persons from those whose signatures were appended to the instrument, "after considering the same, refused to entertain the motion." This was held to be in effect a denial of the motion and a final order thereon, and the cause was removed to the circuit court by a writ of review. The circuit court dismissed the writ, thus affirming the action and order of the county court. From that judgment of the circuit court, the plaintiff appealed to this court, and brought in the appeal for hearing at the December term, 1875. This court reversed that judgment of the circuit court, and held that the plaintiff was entitled to have an entry of this contract or agreement in the journal of the county court as of the day of its date, and that the county and circuit courts erred in denying plaintiff's application (5 Or. 406.). This court ordered the cause to be remanded to the county court, with instructions to enter up in its journal the contract in question in conformity with the opinion of this court. But before the

mandate of this court had been issued, application was made by the counsel for the county for a special mandate, directing the county court to hear the matter anew, and to take the evidence of both parties for and against the motion originally made, as aforesaid, in the county court, and to proceed according to the facts found from said evidence, on the ground as it was alleged, that the recitals of the contract were untrue, and that there was a good defense to the motion.

This court accordingly made its order in the case that the circuit court of Douglas county should remand the cause to said county court to take the evidence of both parties, for and against the motion, as to the making of said agreement, and to reduce the evidence to writing and the whole of it, and the same to preserve as a part of the records of this cause, and to proceed according to the facts found from said evidence and by law provided.

Under this mandate the cause went back to the county court of Douglas county, and a large amount of testimony was taken and reduced to writing, and the motion again submitted upon the original papers and evidence so taken to that court, which, at the January term, 1877, passed upon the motion, making four findings, three of which it called findings of fact and one of law (to be more particularly noticed hereafter), and upon such findings again denied the motion, and refused to enter the agreement in its journal *nunc pro tunc,* or at all. Another writ of review was sued out, and this decision of the county court was taken to the circuit court for Douglas county, which, at the May term, 1877, reversed the decision of the county court, and ordered that court to cause to be entered upon its records, *nunc pro tunc,* said contract. From this judgment and order of the circuit court this appeal is taken, and the cause and record, thus made in the circuit and county courts, is now here for our examination and decision.

It will be observed that the motion now to be passed upon is the same motion that was made in the county court on the eighth day of April, 1875, and it is the same subject upon which this court rendered decision and recorded its

opinion at the December term, 1875. It was not, however, presented to us in 1875 in precisely the same manner as it now is. Then it came up here on the transcript of the mover's papers alone. The motion and contract along with the affidavits of Fitzhugh, former county judge, and Jackson, former commissioner, and the orders of the county and circuit court thereon. At this time it is here again upon the same papers as then: and, in addition, a large amount of testimony taken under the special mandate before mentioned, along with the findings of the county court. If these additional papers now in the record make a case substantially different from the case when it was before this court in 1875, the decision adopted in that trial ought to be modified or changed accordingly. But if the record which this court shall consider discloses substantially the same facts as on the former occasion, then the decision ought to be the same.

Before examining the record, however, it is necessary to dispose of the question argued at length by counsel; that is, whether or not upon this proceeding the court of review will examine the evidence, and try mere questions of fact. We held, when this case was before the court on a previous occasion (5 Or. 407), that the court of review have nothing to do with the evidence upon which the court below found the facts, but must have and would act upon the ultimate facts as found or appearing in the return to the writ. We adhere to that ruling, and repeat the decision that upon a writ of review under our statute, the superior court will not examine the evidence which was before the inferior court, nor try a new or mere question of fact, but will review the decision of the court below only upon the ultimate facts appearing in the record. It follows, then, that this court will not now re-examine or consider the mass of testimony which has been sent up and was read as a part of the record of this case, although the same was taken in writing, and preserved in the record by the special mandate of this court. As before stated, that mandate was made on the special motion of the counsel representing the county, and the order to preserve the testimony was made,

not with the intent to commit the court to a mode of pro-
ceeding, but to the end that the subject might remain open
for further discussion, and that the parties on both sides
might avail themselves of the evidence, if the court should
modify its decision, and conclude to go back of the ultimate
facts in cases of review.

Now, laying aside the evidence taken in the county court,
the ultimate facts laid before the court of review are these:
First, the contract or agreement itself set out in full with
its recitals and signatures. This paper, among other things,
recites that "this agreement is made and concluded the
tenth day of April, in the year of our Lord, 1874, between
the county court of Douglas county, and sitting as a board
for the transaction of county business, and composed of
Hon. Joseph S. Fitzhugh, county judge, and John Jackson
and Levi Kent, commissioners, the party of the first part,
and the Douglas County Road Company    *    *    the party
of the second part." The instrument then sets forth the
obligations and stipulations of the respective parties at
length and in detail. It is signed at the foot with the
names of J. S. Fitzhugh and John Jackson, commissioners
of Douglas county, and by A. A. Fink, president, and J. F.
Gazley, secretary of the Douglas County Road Company.
It is also attested by L. L. Williams, county clerk, and
marked filed April 10, 1874. It is admitted that a paper of
this description was, on said tenth day of April, 1874, filed
with the papers and records of the county court and has
remained there ever since, concerning this agreement, its
signatures, its recitals and its being in the files of the court.
The only facts found by the county court were these:
1. "That no order was ever made by said county court of
Douglas county, that said alleged agreement should be en-
tered in the journal or records of the court; 2. That the
clerk of said court was never ordered, directed or requested
by said court, or any of its members, to enter said alleged
agreement in the journal or any of the records of the said
court; 3. That there never was a contract or agreement
made by the said county court of Douglas county with the
Douglas County Road Company, nor an order of any kind

respecting the same or in relation thereto." And as conclusions of law from said facts, "That said alleged contract or agreement should not be entered in its journal or other records *nunc pro tunc,* and that said motion to enter the same should be denied and dismissed."

When the matter was taken by writ of review to the circuit court the evidence was before the court, and whether examined or not by that court, the findings upon the review were: That the agreement set out in the petition was duly entered into by the county court of Douglas county with the said Douglas County Road Company, on the tenth day of April, 1874, and that said agreement should have been entered on the records of said county court at that date, and thereupon the circuit court reversed the decision of the county court, and ordered the county court to enter up the agreement *nunc pro tunc.* This judgment and order of the circuit court is what is now appealed from, and the appellants assign against seven allegations of error. All the assignments of error, however, may be reduced to these: That the circuit court erred in finding contrary to the decision of the county court ; it had no jurisdiction to reverse the findings and judgment of the county court, or to order the county court in the peculiar circumstances of this case to enter in its records the agreement *nunc pro tunc.*

The appellants, in making these assignments of error, assume for the decisions of the county court, in county business, the high attribute of finality maintained by but few courts in the land, and an exemption from the supervisory control of the circuit court, which is clearly given both by the constitution and by the statute. But, as before intimated, the decision of the circuit court, in order to be maintained, must be warranted by the ultimate facts as they are presented by this record after eliminating from it what is mere evidence.

When our decision in this case was announced in 1875, we were of the opinion that the contract or agreement itself, if genuine, contained enough to show that it was an act of the court in term time, and was such a proceeding as was entitled to entry in the journal of the court. (5 Or. 406.)

We now, as then, have the agreement before us, and, in addition thereto, these negative findings of the county court. The point is, whether these findings rebut the presumption arising from the face of the contract itself, taken in connection with the fact of its being and remaining among the authenticated files of the county court. Let us now inquire what is affirmed, presumptively, by the contract, and what is negatived by these findings. The recital of the contract is that it was made and concluded by the county court—composed of a county judge and two county commissioners, whose names are given, sitting as a board to do county business. Then there are the signatures of two of the persons named, as members of the court, and an attestation by the name and official title of the county clerk. Now, if these signatures are genuine, and this recital is true, they furnish conclusive evidence of facts—they indeed constitute in themselves facts from which it must be held that there were at the time these things purport to have transpired, solemn proceedings of the court; and that the court, not members of it in their private capacity, was then and there engaged in the transaction of county business, and did then and there make and conclude a proceeding pertaining to such business which section 876 of the code provides should have been entered in the books of that court. Now, these findings of the county court do not refer to these specific facts declared by the very face of the contract, at all. They do not impeach the genuineness of the signatures. They do not negative the averment that the court was sitting in the transaction of county business at the time. They do not deny or explain the circumstances of instruments being filed and remaining among the official papers of the court.

The finding necessary to impeach this contract as the act of the county court, must be one showing that the county judge and commissioner and county clerk did not sign it; that the paper is not genuine, or that those officers signed it out of court, and when acting as private persons, or that there was some mistake of fact connected with it. If the signatures are genuine and the recitals true, the instrument is what the plaintiff claims it to be, an act or agreement of

the county court. The general negative averments that there was no order made to enter it in the journal, that there never was any contract made by the county court, are not a specific response to the presumptions raised by the agreement or instrument itself, and it must be deemed a contract, an act of the court, notwithstanding these findings of the county court.

These findings of the county court seem to result from the theory of the counsel for the respondent, that a specific order of the court to enter this contract in the journal, or a specific order by the court to the court to make it, is necessary in order to give it any validity. The argument of counsel has been very nearly this: This instrument is not a contract of the county court, because it was not entered in the journal; it must not be entered in the journal, because it is not a contract. This reasoning in a circle may be excused in an interested counsel, but it cannot enlarge one's ideas of the candor of a court.

So far as any specific order concerning the instrument or the subject-matter of it being necessary in order to entitle it to entry, we think it was not necessary other than appears on the face of the instrument itself, as already explained. It is true that the contract is not in form an order or judgment, but it shows that the court acted—did something, concluded some matter to the advantage or injury of somebody. Such being its substance and effect, it must be deemed a proceeding sufficient to entitle it to entry in the books and journals of the court. (Freem. on Judg., sec. 51; Code, sec. 876.) We are of the opinion, therefore, that the decision and judgment of the circuit court was warranted by the presumptions arising from the face of the paper in question, and that the county court, in refusing to enter it in its journal, committed error and omitted a plain duty.

The judgment of the circuit court must be affirmed, and its mandate to the county court must be carried into effect.

NOTE.—Mr. Chief Justice Prim having tried the cause at circuit, and Mr. Justice Watson having, while at the bar, been counsel therein, took no part in the hearing or decision.