THOMAS MOUNTAIN, Respondent, *v.* THE COUNTY OF MULTNOMAH, Appellant.

County Court—Writ of Review Lies to Correct Errors of, in County Business.—Under section 875 of the code, no appeal lies from the decisions of the county court in the transaction of county business, but such decisions may be reviewed upon writ of review.

Idem—Militia Companies—Duty of County Court to Provide Armory.—It is the duty of the county court of each county in which there shall be an organized volunteer company, upon application to the commanding officer thereof, to provide an armory and armorer, and to audit, allow, and cause to be paid the necessary expense of the same to an amount not exceeding fifty dollars per month; and if the county court shall refuse so to do, its proceedings may be reviewed, by writ of review, as provided for in the code.

Appeal from Multnomah County.

In May, 1872, the Portland Light Battery was organized in Multnomah county, according to the laws of the state of Oregon, and was listed in the office of the adjutant general of the state, and became, and has continued ever since, a part of the organized militia of the state. Thomas Mountain aforesaid was elected and duly commissioned captain,

and as such, gave the necessary bonds required by statute. He has been ever since, and is now, such captain, duly qualified and commissioned according to law. The said battery is a sectional one, having two guns or cannons without caissons, that being the total amount of ordnance belonging to the state of Oregon. From the time of its organization until the first day of July, 1879, the county court of Multnomah county has paid to Mountain, as Captain of said battery, the sum of fifty dollars monthly, that being the limit imposed by law to be allowed such an organization for monthly necessary expenses. Since that time nothing has been paid. In October, 1879, Mountain petitioned said county court to allow the necessary expenses of the said battery for July, August, and September, alleging that they were forty-one dollars and fifty cents for each of said months, itemized as follows: Thirty dollars for rent of armory; ten dollars, pay of armorer; and one dollar and fifty cent for lights; total, one hundred and forty-one dollars and fifty cents. In his petition he set out at length the above facts, and duly verified them by affidavit. The county court, after hearing the petition, made an order disallowing all of said account. Whereupon, Mountain brought a writ of review to the circuit court, alleging as grounds of error: That there was no other evidence before the court than said petition, and there was no controversy or dispute about the matters and things set forth in said petition; that said court had no jurisdiction to disallow said petition, for the reason that it is the duty of said county court to audit, and allow, and cause to be paid the necessary expenses of a duly organized volunteer company of the state; and that said court refused to audit and allow, or cause to be paid, the necessary expenses, and without cause disallowed the same. A motion was made on behalf of the county court to dismiss the writ of review for want of jurisdiction, which was denied.

After argument, the circuit court made an order finding "that the Portland Light Battery is a duly organized volunteer company; that its necessary expenses for an armory and armorer for and during the months of July,

August and September, 1879, are one hundred and forty-one dollars and fifty cents, and that it is entitled to said sum, and ordered that the county court allow the same." From which judgment and allowance the county court appeals to this court.

*J. F. Caples, District Attorney, and M. F. Mulkey,* for appellant:

The county commissioners are the financial agents authorized to audit claims against the county, and when the plaintiff made his demand by presenting his petition, and the same was refused and rejected, the plaintiff had his right of action.   The plaintiff did not have any right of appeal, as the county commissioners were only exercising functions of a non-judicial character.    (5 Or. 273, and cases cited.)   The party asking a writ of review must be concluded by the action of the inferior court or tribunal before it will lie.   (Id. 280.)   In this case, by the refusal of the county commissioners to audit or allow the claim of the petitioner, he was not concluded in any sense, as his right of action remained intact and the action of the county commissioners amounted to nothing more than a refusal to pay upon demand, and it left the plaintiff really in a better condition to pursue his plain remedy by an action in the proper form.

*Fred. V. Holman,* for respondent:

"From the necessity of the case, supervisors exercise judicial, legislative, and executive powers in matters relating to the police and fiscal regulations of counties."   (8 Cal. 61; 14 Id. 479.)   A board of supervisors of a county, in allowing or disallowing a claim, exercise judical functions." "A writ of mandate [mandamus] will not be issued to reverse or review its judgment."   (16 Cal. 209; 41 Id. 68; *People* v. *Supervisors,* 51 N. Y. 444; Gen. Laws of Oregon, p. 284, sec. 875; *Chase* v. *B. Canal Co.* 10 Pick. 244; *Stone* v. *Mayor of N. Y.,* 25 Wend. 167; *M. I. Co.* v. *Schubal,* 29 Wis. 444.)

By the Court, PRIM, J.:

The first and second assignments of error are not well taken, and are therefore overruled, as it appears there was no dispute as to facts found by the court.  The facts found by the court, to which exceptions are taken, were as follows, to wit: 1. That the Portland Light Battery was a duly organized volunteer company.  2. That its necessary expenses for an armory and armorer for and during the months of July, August, and September, 1879, were one hundred and twenty-one dollars and fifty cents.  These facts are fully set out in the petition of Captain Mountain and duly verified by him; Mountain was captain of the company and had charge of the battery, and consequently had personal knowledge of the facts set out in the petition.

The petition was the only evidence before the county court, and it appears there was no controversy or dispute about matters and things set out therein.  It appears that the county court, after hearing the petition, made an order disallowing the whole of said account.  This being an order made by the county court in the transaction of county business, there was no remedy by appeal.  Sec. 875 of the code provides that "the provisions of title 4, of chapter 6, relating to appeals," do not apply to the decisions of the county court "given or made in the transaction of county business," but that in said matters the "decisions of the court shall *only* be reviewed upon the writ of review provided by this code."

Section 19, Misc. Laws, page 668, provides as follows: "It shall be the duty of the county court of each county in which there shall be one or more organized volunteer companies, upon application of the commanding officer of the same, to provide for each company in said county an armory, safe and suitable for the drill of squads in the school of the soldier; and an armorer, to take charge of the same; and said court shall also, at each of its sessions, audit and allow, and cause to be paid, the necessary expenses of the same; *provided,* That the total amount for all the pur-

poses above mentioned shall not exceed fifty dollars in money per month for each company."

It will be seen that by the provisions of this section it is made the special duty of the county courts to audit, allow, and cause to be paid, the necessary expenses of organized volunteer companies within their respective counties. And as the county courts, as a matter of necessity, in allowing or disallowing these accounts, have to exercise judicial functions, their action may be reviewed by the writ of review provided for in the code. (*Tilden* v. *Sacramento County*, 41 Cal. 68; *People ex rel.* v. *Supervisors of Madison County*, 51 N. Y. 442; *El Dorado County* v. *Elstner*, 18 Cal. 148.)

There being no error in the judgment of the circuit court, it is affirmed.