[Filed January 14, 1887.]

# F. A. VINCENT *v.* UMATILLA COUNTY.

WRIT OF REVIEW—QUESTION OF FACT.—When the facts are all admitted, and the sole issue is one of law, the writ of review furnishes a cheap and expeditious remedy, but is not adapted to litigate disputed questions of fact arising between a county and a person having claims against such county.

SAME—LIABILITY AGAINST COUNTY—EX PARTE PROCEEDING.—Upon a proceeding to establish a claim against a county, the facts and all the requirements of law necessary to the creation of a valid claim must be made affirmatively to appear. And a somewhat stricter rule ought to be applied, when the original proceeding in the county court sought to be reviewed is wholly *ex parte.*

MILITIA—COUNTY JUDGE—DISCRETION OF.—Section 18 of the state militia law (Code, p. 668) has confided to the county judge a discretionary power in the matter of allowing or disallowing the application of a militia company to the proper military authorities, for arms and accoutrements. And before a county can be made liable for the expenses of an armory and armorer, under section 19 of said law, it must appear that all antecedent requirements of the act have been complied with, and that the commanding officer of the company has duly applied to the county court to provide such armory and armorer.

UMATILLA COUNTY. Defendant appeals. Reversed, and writ of review dismissed.

*L. B. Cox*, for Appellant.

*John J. Balleray*, for Respondent.

STRAHAN, J.—This proceeding was instituted in the circuit court of Umatilla County, Oregon, by the respondent, for a writ of review to be directed to the county court of said coun-

ty. The purpose of the writ was to bring before the circuit court for review the record of the county court of Umatilla County, rejecting and refusing to audit or allow an account against said county, presented on behalf of Company B, First Regiment, Third Brigade, O. S. Militia. The amount of the account presented was $662.81, and the items are mainly for rent of armory, for drill, etc., and for expenses for armorer, and some other small items, all apparently incurred in and about the care and store of the arms of the company, its drill, etc. The first item in the account is in December, 1884, and the last in March, 1886.

The petition for the writ alleges in substance that on the 8th day of April, 1886, the plaintiff made and filed in the county court of Umatilla County, his petition, duly verified, of which the following is a copy, to wit : " In the county court of the State of Oregon, for Umatilla County. The undersigned, your petitioner, respectfully represents that on July 29, 1884, Company B, First Regiment, Third Brigade, Oregon State Militia, was organized in Umatilla County, Oregon, according to the laws of the State of Oregon, and was listed in the office of the adjutant general of the state, and has continued ever since said date a part of the organized militia of said State of Oregon ; that your petitioner, F. A. Vincent, was elected and duly commissioned captain of said company, and as such gave and *tendered* the necessary bonds required by law; that he has ever since been and is now such captain, duly qualified and commissioned according to law ; that from the time of its organization until the first day of April, 1886, the county court of Umatilla County, Oregon, had paid nothing to said F. A. Vincent as captain of said company, or any one else, for necessary expenses of said company.

" And your petitioner represents that since the organization of said company aforesaid, said company has incurred, as necessary expenses in procuring armory and armorer, and other incidental expenses, the sum of $662.81, an itemized statement of the same being herewith submitted and attached hereto, and made a part of this petition, and marked " Exhibit A."

" Wherefore your petitioner prays that your honorable body make an order that said sum of $562.81 be paid to your petitioner out of the funds of Umatilla County, for the purpose set forth in the petition and itemized statement.

" F. A. VINCENT, Petitioner."

This statement is verified by Captain Vincent, to the effect he believes it to be true.

The petition for the writ of review then alleges that said county court disallowed said claim on the 13th day of April, 1886, and refused to audit, or allow, or cause to be paid, said account, and without cause disallowed the same.

After setting out copies of the order in the county court disallowing the claim, the petition proceeds : " And your petitioner further shows that there was no other evidence before the court than the said petition, and that there was no controversy or dispute about the matters and things set forth in said petition.    And that said county court erred in refusing to audit, allow, or pay said account, and in disallowing the same ; for the reason that said court had no jurisdiction to disallow said petition, because it is the duty of said court to audit and to. cause to be paid the necessary expenses of a duly organized volunteer company of the state.

" Wherefore your petitioner prays that a writ of review issue, made returnable at the May term of the above court, that the matters herein complained of as being erroneous may be reviewed by such circuit court.

" F. A. VINCENT, Petitioner."

The petition is properly verified by an attorney of this court. Based on this petition, the writ was ordered to issue ; and upon its return the amount claimed before the county court was reduced in one or two unimportant particulars, and then allowed, and ordered paid by the county.    From that judgment this appeal is taken.

The proceeding by writ of review is not adapted to litigate or determine disputed questions of fact arising between a county and a person having a claim against such county.    When the facts are all admitted, and the sole question at issue is one

of law, the writ may furnish a cheap and expeditious remedy to the claimant, and no objection is perceived why he may not resort to it ; but the practice of allowing parties to make and file *ex parte* statements against a county, upon which large claims are founded, is one that rests on no principle—is dangerous in practice, is capable of great abuse, and ought not to be encouraged. It is much safer, ordinarily, for parties having disputed claims against a county to resort to an action, where a jury trial can be had and all the facts fully elicited, and where the trial court will be able to assist in the proper solution of the question by giving the necessary instructions. But the plaintiff is not without precedent in this court for the present proceeding, and I will therefore proceed to examine the case upon its merits. In doing so, it is proper to state, however, that the facts and all the requirements of law necessary to the creation of a valid claim must be made to fully appear. This would be the rule in any case, but I think a somewhat stricter rule ought to be applied in a case where the original proceeding, instituted in the county court, is wholly *ex parte.*

Sec. 19 General Laws of Oregon, p. 668, provides: " It shall be the duty of the county court of each county in which there shall be one or more organized volunteer companies, upon application of the captain or commanding officer of the same, to provide for each company in said county an armory, safe and suitable for the drill of squads in the school of the soldier, and an armorer to take charge of the same ; and said court shall also, at each of its sessions, audit and allow and cause to be paid the necessary expenses of the same ; *provided,* that the total amount for all the purposes above mentioned shall not exceed fifty dollars in money per month for each company.

Sec. 18 provides, amongst other things, that certain military stores may issue to any volunteer company which shall be organized according to law, on the application of the commanding officer thereof to, the commander-in-chief, through the proper military authority, for such arms and accoutrements or stores as may be required; *such application being first submit-*

ted to the county judge, and receiving his approval, which shall be endorsed thereon." Said section continues : " If the commander-in-chief shall approve such application, or any part thereof, he shall give an order upon the back thereof, directing the issue by the adjutant general, who shall immediately notify the officer making such application, and the county judge who approved it that the arms and accoutrements or stores mentioned in such application, or any portion thereof, are ready for issue ; and thereupon it shall be the duty of such officer to give such bonds and security as may be deemed requisite by the county judge to secure the county from loss on account of use or misapplication of such arms or equipments, or other stores. And on due notification from such county judge, that such bonds have been given to his satisfaction, and on receiving triplicate receipts from such officer, the adjutant-general shall make the issue.

Section 22 of the same act is as follows : "It shall be the duty of the secretary of state to charge the value of all arms, equipments and military stores, issued as above provided, to the counties in which such public property shall be issued, and all expenses of damage and defects, as provided in the foregoing section, and double the value of any arms, accoutrements and military property which such counties, or such military companies, shall have failed to return to the state on the demand of the governor. At the close of each fiscal year he shall settle the account of each county with reference to such issues and military charges, and the amount so found due shall, on the requisition of the secretary of state, be assessed at the time of the next annual assessment as a part of the county taxes, and be collected in such county in the same manner as the ordinary taxes, and shall be paid into the state treasury as a part of the military fund of the state."

Sections 20 and 21 also recognize the agency of the counties in the matter. Under the constitution and laws of this state the several county judges are at the head of the fiscal affairs of their respective counties, and, together with the commissioners provided by law, they constitute the county court, when it

sits for the transaction of county business. Section 18 has confided to the county judge a discretionary power in this matter. He may, on behalf of his county, assume the liability provided for in the act, or he may decline to do it. The law has wisely left it to his judgment. If, in looking at the fiscal affairs of his county, he should be of the opinion that the liabilities imposed by the act ought not to be assumed, he need not approve the application for arms or accoutrements; in which case they cannot be regularly issued and no liability is incurred. So, also, if the arms are not issued to the company with the approval of the county judge, the county is not bound to furnish or provide either an armory or an armorer, nor to audit or allow the necessary expenses of the same. Nor are any of the liabilities incurred by the county which are specified in section 22 of the act, without the approval of the county judge mentioned in section 18.

This construction of the act renders the approval of the county judge, mentioned in section 18, one of the essential and necessary facts to be averred and shown, in order to fix the liability of the county under section 19. So, also, under section 19, before the county could be made liable, it is necessary not only to show that the antecedent part of the act has been complied with, but it must also be specially shown that the captain or commanding officer of the company made application to the county court to provide for such company in said county, an armory safe and suitable for the drill of squads in the school of the soldier, and an armorer to take charge of the same. Without these requirements are in substance complied with, it is not perceived on what principle the county could be held liable. It was never designed by this act to involve the several counties in debts and liabilities, without the consent of the civil authorities of such counties, at the mere will and pleasure of those who might associate themselves together in military companies or organizations. *Mountain* v. *Multnomah County*, 8 Or. 470, is relied upon by the respondent to sustain the judgment of the court below. That case, in many of its features, is like the one now before the court; but it appears from the

facts in that case that from the time of the organization of the Portland Light Battery in May, 1872, to the first day of July, 1879, Multnomah County had paid $50 per month on account of said company, and that since that time nothing has been paid. These facts tended to show that the County of Multnomah had become liable under this statute, and had through its county judge given the necessary " approval " to fix its liability. The payment of money from time to time is a fact which implies that the liability has been assumed by the county. But no such facts are made to appear in this case. The main facts upon which the county's liability depends, under the statute, are not alleged. It is true, many facts are alleged which are requisite, but the statement falls short. The essential and ultimate facts upon the existence of which the law adjudges the county liable are wanting. We cannot supply these by inference or intendment. The intendments are against the plaintiff rather than in his favor. The law presumes that the plaintiff has made as full a showing of facts in his favor as was possible, and if he has failed in his statements, the court is powerless to assist him. It follows that the judgment of the court below must be reversed and the writ dismissed.

LORD, C. J., dissenting.—The facts stated in the application, and which are undisputed, must be taken as admitted and true. These facts show that the company was organized when the application was made, and how long prior thereto, and which entitled it to the benefit of the provisions of Sec. 19. (Misc. Laws, 668.) There is no pretense that any of the charges are exorbitant or unnecessary. The court simply makes an order of disallowance, upon the assumption that the whole matter lies within its absolute discretion. Upon the admitted facts, as disclosed by the record, it is difficult to perceive how this ruling can be upheld. The statute makes it the duty of the county courts to audit, allow and cause to be paid the necessary expenses of organized volunteer companies in their respective counties. The facts alleged are within the purview of the statute, and upon all fours in principle with the case of

*Mountain* v. *Multnomah County*, 8 Or. 473. In that case the court say: " The petition was the only evidence before the county court, and it appears there was no controversy or dispute about the matters and things set out therein. It appears that the county court, after hearing the petition, made an order disallowing the whole of said account." The account there was for the same identical matter as here. The court then, after citing the provisions of section 19, proceeds to say: " It will be seen by the provisions of this section, it is made the special duty of the county courts to audit, allow, and cause to be paid, the necessary expenses of organized volunteer companies within their respective counties." Unless this case is to be overruled, it seems to me to be decisive of the facts here. I think, therefore, the judgment ought to be affirmed.