Argued January 7: decided February 23, 1897.

## OREGON COAL CO. v. COOS CO.
(47 Pac. 851.)

1. QUESTIONS CONSIDERED ON WRIT OF REVIEW.—On a writ of review the reviewing court will not, for the purpose of deciding a disputed question of fact, consider the evidence upon which the inferior tribunal acted, but will review the decision of such court or tribunal only upon the ultimate facts appearing by the record: *Poppleton* v. *Yamhill Co.*, 8 Or. 338; *Vincent* v. *Umatilla Co.*, 14 Or. 375; *Barton* v. *La Grande*, 17 Or. 577; and *Smith* v. *City of Portland*, 25 Or. 297, cited and approved.

2. REVIEW OF ACTION OF BOARD OF EQUALIZATION.—Where a complaint is made by a property owner to the board of equalization that his assessment is excessive, the assessment roll as returned by the assessor fixes the value prima facie against both the board and the complainant; and, though the only testimony offered is by the complainant, the board having disagreed with his estimate of values, there is for review only a disputed question of fact, which cannot be tried in such a proceeding.

From Coos: J. C. FULLERTON, Judge.

Petition for writ of review by the Oregon Coal & Navigation Company against Coos County and the members of its board of commissioners to review the action of said board as a board of equalization in fixing the assessment of petitioners' property. The court set aside the assessment, and defendants appeal.

REVERSED.

For appellants there was a brief over the names of *S. H. Hazard* and *Geo. M. Brown*, District Attorney, with an oral argument by *Mr. Hazard*.

For respondent there was a brief over the name of *Mr. John A. Gray*, with an oral argument by *Messrs. Rufus Mallory* and *J. W. Hamilton*.

Opinion by MR. JUSTICE WOLVERTON.

This appeal is from the judgment of the Circuit Court for Coos County upon review of an order of the County Court, sitting as a board of equalization, whereby it revised the assessor's appraisement of plaintiff's taxable property. The plaintiff complained before the board that the assessor had placed a valuation upon its property upon the assessment roll largely in excess of its real or actual cash value. The only evidence produced was in behalf of plaintiff, which tended to show that the real or actual cash value of a large part of the property was much less than that fixed by the assessor upon the roll. The board reduced somewhat the assessed values, but not to the extent which it is claimed was established by the uncontradicted evidence. A transcript of all the testimoney is certified up with the record.

1. In behalf of the defendants it is contended that the decision of the County Court, acting as such board, upon a question of fact is conclusive in a proceeding by writ of review. The doctrine of this state upon the subject may be summarized thus: Upon a writ of review under the statute the supervising court will not examine the evidence submitted to the inferior court or tribunal for the purpose of settling or deciding a new or disputed question of fact, but will review the decision of such court or tribunal only upon the ultimate facts appearing by the record: *Smith* v. *City of Portland*, 25 Or. 297 (35 Pac. 665); *Road Company* v. *Douglas Co.*, 5 Or. 406; S. C., second appeal, 6 Or. 299; *Poppleton* v. *Yamhill Co.*, 8 Or. 338; *Vincent* v. *Umatilla Co.*, 14 Or. 375 (12 Pac. 732); *Barton* v. *La Grande*, 17 Or. 577 (22 Pac. 111).

2. The plaintiff, however, without conceding the point, argues that the facts are practically admitted; that the evidence offered by it remains uncontradicted by any countervailing testimony, and should control in determining the true assessable value of plaintiff's property. In

*Smith* v. *City of Portland*, 25 Or. 297 (35 Pac. 665), the present Chief Justice said: "It is only when there is an entire absence of proof on some material fact found that the finding becomes erroneous as a matter of law," citing *Hyde* v. *Nelson*, 11 Mich. 353. And in *Vincent* v. *Umatilla Co.*, 14 Or. 375 (12 Pac. 732), the converse of the proposition is stated. STRAHAN, J., says: "When the facts are all admitted, the sole question at issue is one of law, and the writ may furnish a cheap and expeditious remedy." And the same might be said in this case if the uncontradicted evidence were such as but one conclusion could possibly be adduced therefrom. The vice of the argument is in assuming that such is the state of the record and the evidence in this proceeding. In the first place, the testimony for plaintiff is not at all uniform on the question of values; different judges might draw different conclusions from it. And, secondly, it does not stand uncontradicted, in the light in which we view the proceeding. The powers granted the board of equalization practically constitute it a board of review also (sections 2778-2781, Hill's Code), and it has constantly exercised jurisdiction as such upon the application of individuals to correct assessments touching the valuation of property; but in doing so the roll comes to it with values prima facie established: *People* v. *Trustees of Ogdensburgh*, 48 N. Y. 393. The assessor, in making up valuations, acts judicially; and, when established, they must remain fixed until revised by the board of equalization, or the County Court acting regularly in that capacity: *Or. & Wash. Sav. Bk.* v. *Jordan*, 16 Or. 116 (17 Pac. 621). So that the complainant who attacks the assessor's values has the laboring oar, and must overcome the prima facie case which the roll establishes. In *People* v. *Davenport*, 91 N. Y. 581, the court say: "It is essential that a party assailing the validity of an assessment should make it

conclusively appear that the method by which the assessors arrived at the result complained of was incorrect, and that the assessment does not represent the fair value of the property assessed." In *State ex rel.* v. *Dodge Co.*, 20 Neb. 595 (31 N. W. 117), it was held, under a statute analogous to ours, "that, upon a complaint being filed, the board of equalization, in reviewing the assessment of an individual, has appellate, special, and judicial powers; and, until evidence is received by it in support of the complaint, the taxpayer may rely upon the valuation made by the assessor." The converse of the proposition ought to be sound. If the assessor's valuation establishes a prima facie case against the board, there is no reason why it should not establish such a case against the complainant also. So, upon the whole, we have simply to look into a disputed question of fact—that is, whether plaintiff has overcome the prima facie case presented by the roll, and this we are inhibited from doing, upon a writ of review, under the settled law of this state. We presume that if a case should be presented whereby it was made manifest that the board had acted arbitrarily and capriciously, and in total disregard of the record and the evidence, it would amount to legal error: *People* v. *Howland*, 61 Barb. 285. But such is not the case here. The judgment of the court below will be reversed, and the cause remanded with directions to dismiss the writ.

REVERSED.