Argued September 16, decided September 23, 1913.

## O.–W. R. & NAV. CO. *v.* CASTNER.*

(135 Pac. 174.)

**Eminent Domain—Injunction—"Adequate Remedy at Law."**

1. Section 6278, L. O. L., provides that roads shall be under the supervision of the County Court. Section 6279 specifies the initiatory steps for the establishment of county roads. Section 6284, as amended by Laws of 1911, page 337, provides that it shall be the duty of the County Court, upon receiving the report of the viewers, to cause the

---

*The question of the power to lay out street or highway across railroad property or right of way is discussed in a note in 24 L. R. A. (N S.) 1213; and as to taking railroad lands for municipal purposes, see note in 2 L. R. A. (N. S.) 227; and on the question of taking railroad lands for exclusive municipal uses, see note in 41 L. R. A. (N. S.) 828.        REPORTER.

same to be publicly read, and if no remonstrance be received, provided that no one shall be deemed a remonstrator except a freeholder residing in the road district where such road is located, whose name does not appear upon the petition, and no petition for damages be filed, the road shall be ordered to be opened. Sections 6290–6292 provide for the assessment of damages and give a complainant aggrieved by such assessment the right to appeal to the Circuit Court. *Held,* that, as the legislature merely gave the County Court jurisdiction to find the amount of damages, the Circuit Court has jurisdiction of a bill by a railroad company to enjoin the taking of part of its right of way for a county road, it appearing that a condemnation will irreparably injure the railroad company, as it has no adequate remedy at law, for to be adequate the remedy must be efficient and capable of embracing all of the issues that may arise, while a railroad cannot even remonstrate.

**Eminent Domain—Injunction—Other Remedy—Writ of Review.**

2. As the court will, on writ of review, consider only such questions as are apparent on the face of the record, a railroad company has no adequate remedy by that procedure and cannot be deprived of seeking relief in equity.

**Eminent Domain—Taking Railroad Right of Way.**

3. The right of way of a railroad company, when necessary to the proper carrying on of its business, cannot be condemned for a county road, such right of way being necessary to the railroad's performance of its duties as a common carrier.

From Hood River: William L. Bradshaw, Judge.

Department 2.    This is a suit by the Oregon-Washington Railroad & Navigation Company, against G. R. Castner, county judge; G. A. McCurdy, commissioner; and O. H. Rhodes, commissioner, of Hood River County, Oregon; and Murray Kay, county surveyor, W. L. Clark and T. A. Reavis, constituting the board of county road viewers, of Hood River County, Oregon; and A. C. Adams, Charles Gray, Elbert Fairley, J. S. Hoover, Mrs. Della Meyer, Mrs. Ida Granstrom, Mrs. Geo. Dillaboy, Mrs. Bell Osborn, Mrs. C. A. Brolliar, Mrs. Harry H. Wait, N. C. Olsen, Matt. Johnson, Scott C. Young, Alex Bradburn, Jay P. Lucas, M. I. Ostergard and S. W. Curran. From a decree dismissing the complaint, plaintiff appeals.

Reversed.

For appellant there was a brief over the names of *Mr. Arthur C. Spencer* and *Mr. Charles E. Cochran,* with an oral argument by *Mr. Cochran.*

For respondents there was a brief over the names of *Mr. William A. Bell, Mr. Fred W. Wilson,* District Attorney, and *Mr. John Baker,* Deputy District Attorney, with an oral argument by *Mr. Bell.*

Mr. Justice McNary delivered the opinion of the court.

The Oregon-Washington Railroad & Navigation Company filed a bill in equity to restrain the authorities of Hood River County from condemning, for the purpose of a highway, a portion of plaintiff's right of way between the towns of Viento and Wyeth in the State of Oregon. Following the statement of the corporate existence of plaintiff and that it owns and operates a railroad from the City of Portland eastwardly through the stations of Wyeth and Viento to the town of Huntington, in Oregon, is the declaration that plaintiff is the owner of a certain right of way between the termini of its railroad line varying from 100 to 200 feet in width; that the property sought to be condemned by defendants for a public highway is a longitudinal strip off plaintiff's right of way, upward 12,000 feet in length; that the topography of the country in the immediate vicinity of plaintiff's right of way between the stations of Wyeth and Viento is of the character of a mountain pass or canyon; that adjoining the right of way on the north is the Columbia River, adjacent on the south are bluffs and mountains of the Cascade range, while in certain places the high mountainous bluffs extend within six or ten feet of the railroad track; that as a common carrier plaintiff is unable to run its business without building and

operating another main line track, the plans for which are in the process of ripening. Continuing, it is asserted that on the 5th day of October, 1912, 16 or more citizens of Hood River County filed in the County Court of that county a petition for the highway along plaintiff's right of way; that thereafter the County Court caused to be posted, as required by law, notices of the petition. Further the bill avows that, if the property is taken by defendants for county road purposes, plaintiff will be unable, by reasons of the topographical conditions of the country, to construct its double-track or safely operate its single-track road; that the continuity of its right of way from Portland to Huntington will be destroyed.

In conclusion the petition recites the defendants are attempting to invoke the aid of the county road statutes of Oregon to deprive the plaintiff of its property, and, if permitted to continue, the action will result in placing a cloud over the title of plaintiff's right of way; that a considerable amount of work will be done upon the proposed county road, such as blasting down mountains and displacing the rocks from the bluffs, so that they will slide upon the railroad, thereby endangering the operation of the railroad trains, rendering imminent danger to the passengers, servants and employees, and that no adequate remedy at law, exists.

Defendants appeared by a demurrer, which assigned two grounds of objections to the bill: (1) That the court has no jurisdiction over the subject matter of the suit; (2) that the complaint does not state facts sufficient to constitute a cause of suit. The court sustained the demurrer to the pleading, and, plaintiff declining further to plead, an order of dismissal was entered.

1. First to be considered is the question whether the Circuit Court had jurisdiction of the subject matter of

the suit. This query can best be answered after consulting the statutes of our state pertaining to the establishment of county highways. For if a method of procedure both fair and complete and a remedy adequate can be found in the county tribunal, necessarily the Circuit Court is without jurisdiction.

Section 6278, L. O. L., provides that the roads shall be under the supervision of the County Court of the county wherein the road is located, and that no road shall be established, altered or vacated, except by the authority of the County Court.

Section 6279, L. O. L., specifies the initiatory steps to be taken in the establishment of a county road which shall be by petition to the County Court, signed by at least 12 freeholders of the county residing in the road district where the road is to be laid out.

Section 6280 recites that the application for county roads shall be accompanied by satisfactory proof that notice had been given of the petition for 30 days previous to its presentation.

Section 6284, as amended by the Laws of 1911, page 339, enumerates the duties of the board of county road viewers and contains, among other things, the following provision: "It shall be the duty of the County Court on receiving the said report, or reports, to cause the same to be publicly read on two different days of the same term; and if no remonstrance with a greater number of remonstrators than there is of the petitioners upon the petition be received: Provided, however, that no one shall be deemed a remonstrator except a freeholder residing in the road district where such road is located, *whose name does not appear upon the petition,* and no petition for damages be filed, and the court is satisfied that such road will be of public utility, the report of the viewers being favorable thereto, they shall cause said reports, survey, profile, and plats to

be recorded in suitable books kept for that purpose, and from thenceforth said road shall be considered a public highway, and the court shall issue an order directing said road to be opened. In case the board of county road viewers shall file conflicting reports, the County Court may elect which report they will accept, and thereafter proceed as though the report accepted were unanimous.''

Section 6290 reads as follows: ''The board of county road viewers while surveying, viewing, laying out, altering, straightening, or re-establishing county roads, shall assess and determine how much less valuable .the premises through which the said road is located, or is to be located, are, and set forth the same in their reports; and such report shall be taken and considered to be the true damages suffered by anyone through whose premises such road is located: Provided, anyone feeling aggrieved may appeal from such assessment of damages to the County Court at its next regular term after such assessment, and from the decision of the County Court to the Circuit Court, as now provided by law.''

Section 6291 declares that, if the County Court is satisfied the amount of damages assessed is just and that the proposed road will be of sufficient importance to the public, it can cause the damages to be paid out of the county treasury, otherwise shall be paid by the petitioners.

By Section 6292 it is provided: ''Any complainant who may conceive himself aggrieved by the assessment of damages as prescribed by the last two sections, may, within twenty days after such report is adopted by the court, appeal therefrom to the Circuit Court of the proper county. Such appeal shall be taken to the Circuit Court in the same manner as appeals from the justice of the peace, and if the appellant shall fail to

recover a judgment more favorable than the report appealed from, he shall pay all costs of the appeal."

A review of these sections clearly indicates that an expeditious method of procedure has been provided for the laying out of a county road and assessing the damages resultant therefrom to persons whose land has been appropriated. But wherein has the legislature established a forum in which can be determined questions other than that of the *quantum* of damages?

No issue can be made by plaintiff before the County Court on the question of the appropriation of its property. The company has under the statute neither the right to petition for a road nor to remonstrate against the establishment of one, as it is not a freeholder residing within the road district. Nor can that all-important question be determined whether the county can reappropriate property already devoted to a public use. The sections referred to make no provision for any finding by the County Court on these matters. Surely plaintiff has no adequate legal remedy, for to be adequate the remedy must be efficient and capable of embracing all of the issues that may arise, without limitation as to the rights of any of the parties litigant: *Pittsburg, C., C. & St. L. Ry.* v. *Greenville,* 69 Ohio St. 487 (69 N. E. 976) ; 22 Cyc. 771.

2. The suggestion is made that plaintiff would have a remedy by writ of review, but here again the road is barred, as by a proceeding of that kind the court will consider only such questions as are apparent upon the face of the record, and facts *dehors* thereof, and upon which the inferior tribunal acted, will not be considered: *Oregon Coal Co.* v. *Coos County,* 30 Or. 309 (47 Pac. 851) ; *Smith* v. *Portland,* 25 Or. 297 (35 Pac. 665) ; *Barton* v. *La Grande,* 17 Or. 577 (22 Pac. 111) ; *Vincent* v. *Umatilla County,* 14 Or. 375 (12 Pac. 732). The statutes of our state do not admit of a remedy

prompt and adequate in a case of this nature, and for the lack thereof a court of equity is the proper forum.

3. The other ground of demurrer questions the sufficiency of the complaint. We think the complaint contains matters which, if true, would necessarily incite the conscience of a court of equity into action. We have no hesitation in declaring the law of this state will not permit any corporation, whatever be its legal or political character, to deprive a railroad, beyond its legitimate needs, of its right of way longitudinally when the property is being used by such railroad in the performance of its public functions as a common carrier. Whether an attempt of that character is being made by defendants as alleged in the bill, or to what extent a reappropriation can be made, if at all, are questions which of necessity must arise from the issues hereafter to be made in the litigation. These considerations are sufficient in our opinion to justify a direction that the demurrer be overruled and defendants be permitted to answer or otherwise plead in a manner consistent with this opinion.

REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.