# THE DOUGLAS COUNTY ROAD COMPANY, APPELLANT, *v.* THE COUNTY OF DOUGLAS, AND THE COUNTY COURT OF DOUGLAS COUNTY.

WRIT OF REVIEW—WHEN AND IN WHAT MANNER FACTS MAY BE BROUGHT BEFORE THE SUPERIOR COURT.—A motion was made in the County Court for the entry in its records, *nunc pro tunc*, of a contract, alleged to have been made with such court and the county. The motion was denied, and a writ of review was sued out of the Circuit Court to review the proceedings of the County Court upon such motion. *Held*, that with the evidence of the facts, upon which the motion was based, before the Superior Court, the Superior Court can have nothing to do; but the facts themselves ought to be brought before the Superior Court; and this may be done by the Superior Court in its return, or by affidavits and the papers of the moving party, uncontradicted and standing as admitted; or they may be inferred from a decision upon issues involving such facts; and in such case, such affidavits and papers, brought before the court by the return of the writ, constitute a part of the record.

DISCRETION—NUNC PRO TUNC ORDER, HOW FAR MATTER OF.—The determination of a court of record as to whether its orders have been correctly entered, is not subject to review; but where the fact that an order was made is undisputed, any person injured by an omission to enter such order may insist, as a matter of right, upon its entry *nunc pro tunc*.

APPEAL from Douglas County.

A motion was made in the County Court of Douglas County, on the 8th of April, 1875, for the entry in the records of the court, *nunc pro tunc*, of a contract alleged to have been made on the 10th of April, 1874, between such court and the appellants, by the terms of which the appellants were to have the right to use and occupy the public highway, extending through the canyon. The motion was based upon affidavits which averred the existence of the alleged contract, the order of the court directing the entry of the same by the clerk, and the neglect of the clerk to make the entry. The motion was denied, whereupon appellants sued out a writ to review the proceedings of the County Court denying the motion. The Circuit Court dismissed the writ upon a hearing thereunder, and rendered judgment against appellants for costs, from which judgment this appeal is taken.

*W. W. Thayer and E. C. Bronaugh,* for Appellants.

*W. R. Willis and Watson & Lane*, for Respondents.

By the Court, SHATTUCK, J.:

The first question in this case is, what is to be deemed the *record* of the County Court that was made, or sought to be made, the subject of review ?

The return to the writ of review contains a motion, filed by plaintiff in the County Court on the  day of    1875, and the contract which plaintiff desired to have entered up in the journals, together with the affidavit of J. S. Fitzhugh, former county judge, and the affidavit of John Jackson, former county commissioner, and the order or the decision of the County Court denying the motion. The counsel for the defendants insist that these affidavits constitute no part of the record, and that they cannot be considered upon this writ of review, because they are evidence, and to consider them would be to *review* the facts, not to pronounce the law upon the facts.

The authorities fully sustain the position that the writ of review only brings up the record of the inferior court, and that the superior court upon review tries the cause only by the record, and only as to questions of jurisdiction and as to error in proceeding. It will not on review try questions of fact.

It must be supposed, however, that the inferior court was moved to act, and did act, and make its orders or decisions by some conclusions of fact, or in other words, by some facts which were before it in some form, and which entered into and formed the grounds of its decision. These facts, whatever they may have been, or however found by the inferior court, ought to be before the superior court upon a review, and by those facts alone can the superior court pronounce the law concerning jurisdiction, or error in the court below.

With the evidence upon which the inferior court found the facts, the superior court has nothing to do; but the ultimate facts themselves it must have, otherwise the review will not be the case decided below, but of some other case.

But how shall the superior court know upon what facts

the inferior decided? Manifestly, it should be informed by the return which the inferior court makes to the writ. The inferior court might return the facts specifically set out in its decision, or distinctly and separately found, or the facts may appear by the papers of the moving party presented and filed as the grounds of his motion, and uncontradicted and standing as admitted, or the facts may, perhaps, be inferred from an issue having been made by allegation and denial, and the decision being for the one or the other party upon such issue, a decision in favor of the party alleging a fact, implying that the fact was found as he had alleged it, and contrariwise.

In this case the motion of the plaintiff was apparently based upon the affidavits referred to, and the contract. Those papers do not appear by the record to have been contradicted. Counsel ask us to deem them contradicted, and to presume so far in favor of the decision of the County Court, as to find ourselves the facts to be otherwise than those papers allege them to be, a thing which the County Court itself does not appear by the return to have done. Should we do this, we should override the authorities that counsel cite, and virtually review the facts, not upon testimony, but upon mere presumptions, and since there is no contradiction of these papers, upon presumptions without foundations.

These affidavits, as they appear to have been presented and acted upon in this case, are analogous to affidavits in attachment proceedings and in replevin cases, affidavits for writs of arrest and for orders of publication, though in the form of affidavits they are uncontradicted, and should be regarded as allegations of fact, and as the basis of the order or decision which followed them. Such being the case of the affidavits and papers in question in this case, we hold them to be a part of the record, and properly brought before the Circuit Court by the return to the writ.

This decision does not conflict with any decision of this Court heretofore made upon this subject. It has been frequently held by this Court, that the writ of review only brings up the record of the inferior court, and that the supe-

rior court will not review the facts, but in no case has this Court undertaken to determine specially what the record of the inferior court should contain. It is true his honor, Justice McArthur, in his opinion in the case of *The Canyonville & Galesville Road Co.* v. *Douglas County*, at the last term, referred to the affidavits of the contestant in that case, as constituting no part of the record; but in that case the affidavits referred to, were presented in the inferior court, in support of an objection to the jurisdiction of the court, and related chiefly to the question of appropriating the franchises of a private corporation, a mode of objection and a proceeding which, in the opinion of his honor, was not contemplated by the statute, and accordingly, the papers relating to the matter, were not properly a part of the record of the case, so that the case he was considering was widely different from the one now before us.

We now come to the consideration of the facts presented by this record. They are in substance these: The County Court of Douglas County, in term time, sitting as a Board for the transaction of county business, on the 10th day of April, 1874, entered into an agreement or contract with the Douglas County Road Company, which was a corporation, organized to construct a wagon road through the " canyon " in Douglas County, concerning the extent, terms and conditions upon which that corporation might appropriate, or use and occupy the public highway running through the same " canyon;" that such agreement was reduced to writing, and signed on behalf of the corporation by its officers, and on behalf of the County Court by the county judge, and attested by the clerk of the court; that the agreement so executed, was delivered by the court to the clerk, to be entered in the journal of the court, and was filed and placed, and still remains among the files of the court, but through the negligence or inadvertence of the clerk, it was not recorded or entered in the journal, so as to be available as evidence on behalf of the corporation. Upon these facts, is the plaintiff entitled to have an entry of this agreement, and of the original proceedings of the court relative thereto,

*nunc pro tunc?* and is it error in the County Court to refuse to order such entry to be made?

It is contended by the defendants that the making of a *nunc pro tunc* order is a matter of discretion which cannot be reviewed. The authorities cited in support of this proposition (7 Cushing 282, and 8 Cushing 317) do not sustain this position to the extent contended for. These authorities hold that the kind and sufficiency of the proofs on which to proceed in making an order to amend or enter a judgment *nunc pro tunc*, are to be judged of by the court whose record is in question; and one of these cases also holds that courts of record are the exclusive judges of the propriety and necessity of extending or amending their records, which is nothing more than allowing to the court the right to determine the fact whether or not its orders and decisions have been fully and correctly recorded. But all the authorities recognize the propriety of every court's making its records conform strictly to its orders, and express accurately its determinations and judgments; and the power to to effectuate this object, by making entries *nunc pro tunc*, has been possessed and exercised by courts of law and equity from the earliest times; and we think that when a judgment has been actually rendered, or an order made by a court, which is entitled to be entered of record, but which, by neglect of the clerk, is not entered at the time it should be, a party interested in such order or judgment, or affected by it, may insist, and demand, as a matter of right, an entry *nunc pro tunc;* and a refusal of any court or tribunal to make such entry (the facts being undisputed), would be a violation of a leading maxim, "An act of the court shall prejudice no one." (Freeman on Judgments, § 56.)

Another position of counsel for defendants is, that as the failure to enter the agreement was the omission or neglect of the clerk, the proper remedy is by some direct proceeding against the clerk; but the clerk is an officer of the court, and acts by the Court's direction, and the Court should directly control its own officers, in respect to its own orders. It would be a strange situation to place parties in, in courts of justice, to hold that they are at the pleasure or caprice of

the clerk, as to whether they should have the benefit of orders and judgments made or given in their favor, or not. We think an application to the Court was the proper mode of proceeding.

It is also suggested, that the entry of this agreement was only a ministerial act, and not judicial, and consequently, not a subject of review. The mere writing of it in the book is ministerial, but the hearing and determining of the question whether it should be entered *nunc pro tunc*, is judicial in its character, and is a proper subject of review. (Freeman on Judgments § 53.)

For these reasons, we are of opinion that the Circuit Court erred in dismissing the writ of review, and in affirming the decision of the County Court, and the judgment should be reversed; and under § 581 of the Code, the Circuit Court should exercise its mandatory power, and remand the case to the County Court, with instructions to proceed according to this opinion.