THE TOLEDO ELECTRIC ST. RY. CO. AND THE TOLEDO CONSOLIDATED
ST. RY. CO. v. EDWARD BATEMAN.

1. THE COURT WILL INDULGE EVERY POSSIBLE PRESUMPTION IN FAVOR OF A GEN-
ERAL VERDICT.

Where error is prosecuted on account of the trial court having overruled a
motion for judgment on the answer to special interrogatories notwithstand-
ing the general verdict, and where the evidence is not before the court of
error it will indulge every possible presumption in favor of the general ver-
dict.

2. GENERAL VERDICT MUST PREVAIL, WHEN.

The general verdict must prevail if reconcilable with the answers to the special
interrogatories upon any state of facts provable under the issues in the case.

3. EVIDENCE NOT IN VARIANCE WITH ALLEGATIONS OF HIS PETITION.

Under an allegation that plaintiff while a passenger on defendant's street car
was violently thrown therefrom and injured because of a collision of the car
in which plaintiff was riding with another car, and that such collision was
caused by the negligence of defendant's servants operating such cars, the
plaintiff might prove that she was thrown from the car before the actual
collision of the cars, or that she jumped from her car to escape the impend-
ing peril of a collision about to occur, and such proof in either case as to the
manner in which she was injured would not amount to a material variance.

4. SPECIAL FINDING NOT REPUGNANT TO THE GENERAL VERDICT.

Therefore, a special finding to the effect that plaintiff had left the car before
the collision and was not upon it at the moment of the collision, is not irre-
concilably repugnant to the general verdict in her favor.

PARKER, J. (orally.)

The action in the court below was brought by Edward Bateman, on
account of injuries received by his wife through alleged negligence on
the part of The Toledo Electric Street Railway Company and The Toledo
Consolidated Street Railway Company, the defendants below.

The part of the petition which charges acts of negligence upon the
part of defendants below which are alleged to have been the cause of
the injury to the plaintiff's wife and which set forth the manner in which
she received the injury, read as follows:

"While said Amanda E. Bateman was such passenger on such street
car and while said car was being so propelled, managed and run by said
defendant, The Toledo Electric Street Railway Company, upon and along
said street railroad upon said Ottawa street, and while a street car of the
defendant, The Toledo Consolidated Street Railway Company, was also
being managed and operated by said defendant upon and along said street
railroad upon said Ottawa street, by reason of the gross carelessness and
negligence of said defendants and each of them and their agents, servants
and employees respectively, in the running, operating and managing of
said street cars, the said car of said defendant, The Toledo Electric Street
Railway Company, in and upon which said Amanda E. Bateman was a pas-
senger as aforesaid, was violently run and thrown against the said car of said
defendant, The Toledo Consolidated Street Railway Company, which was
then upon the same track of said street railroad with the car of the said

Toledo Electric St. Ry. Co. and Toledo Consolidated St. Ry. Co. v. Bateman.

defendant, The Toledo Electric Street Railroad Company, and then and thereby said Amanda E. Bateman was violently thrown from said car (the car being such car as is known as an open car) to the street and was greatly shocked and strained and parts of her right leg were severely bruised," etc.

Separate answers were filed by the defendants, which are identical in form, and which deny the acts of negligence alleged, and charge that the wife of plaintiff below was guilty of contributory negligence, but do not particularize any acts of contributory negligence.

The case was tried to a jury, which trial resulted in a verdict for five hundred dollars in favor of the plaintiff below against The Toledo Electric Street Railway Company, (but in favor of The Toledo Consolidated Street Railway Company and against the plaintiff below) upon which verdict judgment was entered.

In addition to the general verdict in favor of the plaintiff below there were special findings of facts upon interrogatories propounded to the jury. Upon the coming in of these verdicts, a motion was made on behalf of The Toledo Electric Street Railway Company for a judgment in its favor against the plaintiff below upon these special findings of fact notwithstanding the general verdict.

The special findings of fact were as follows:

"First Question: Was Amanda E. Bateman on the car of The Toledo Electric Street Railway Company at the time of the collision between that car and the car of The Toledo Consolidated Street Railway Company? Answer: No.

"Second Question: Did Amanda E Bateman leave the car in which she was a passenger before the collision between the two cars actually occurred? Answer: Yes.

"Third Question: Which company owned, maintained and operated the trolley-wire which broke? Answer: The Toledo Consolidated Street Railway Company.

Signed, George W. Boos, Foreman."

It is contended on behalf of plaintiffs in error that this special finding is inconsistent with the general verdict upon the issues, and that therefore, under sec. 5202, Rev. Stat., this motion should have been sustained. That section reads as follows:

"When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly."

This inconsistency, however, must be an irreconcilable inconsistency. The antagonism must be beyond the power of being removed by any evidence legitimately admissible under the issues. Amidon et al. v. Gaff et al., 24 Ind., 128.

The provisions of the Indiana Code to which this, and other decisions to which I shall refer, relate are precisely identical with the provisions of our code which I have read, and I call attention to several decisions of the Supreme Court of that state bearing upon this question.

"Judgment will not be directed against a party in whose favor a general verdict has been rendered, unless the antagonism of answers to special interrogatories is such that the special findings can not on any hypothesis be reconciled with the general verdict." Indianapolis & St. L. R. R. Co. v. ———, — Ind., —.

"Where the repugnancy between answers to interrogatories and the general verdict is not such that it could not have been removed by evidence

legitimately admissible under the issues in the cause, it is not available, * * " Indianapolis & Vincennes R. R. Co. v. McCaffrey, 62 Ind., 552.

On a motion for judgment on the answers to interrogatories, notwithstanding the general verdict, where the evidence is not in the record, the Supreme Court will indulge every possible presumption in favor of the general verdict. Salander v. Lockwood, 66 Ind., 285.

"A general verdict will not be controlled by answers to interrogatories, if reconcilable therewith upon any supposable state of facts that might be proved under the pleadings and issues in the case." Higgins et al. v. Kendall, 73 Ind., 522.

"The general verdict must prevail, if reconcilable with the answers to interrogatories upon any state of facts provable under the issues in the case; what was in fact proven is immaterial." Stevens v. City of Logansport, 76 Ind., 498.

"In considering a motion for judgment on special findings, notwithstanding a general verdict, no reference can be had to the evidence given, but if by any conceivable evidence admissible under the issues, the special findings can be reconciled with the general verdict, the motion should be denied." Pitts., Cin. & St. L. Ry. Co. v. Martin, 82 Ind., 476.

"An inconsistency between a general verdict and the answers by the jury to special questions of fact, which will justify a verdict upon the latter against the former, must be irreconcilable in view of the pleadings alone, without reference to the evidence." Louthain v. Miller, 85 Ind., 161.

"Nothing is presumed in aid of the special finding of facts, but every reasonable presumption is indulged in favor of the general verdict." Lasster et al. v. Jackman, 88 Ind., 118.

We find no authority, in Ohio or elsewhere, laying down different principles; but the decisions in the cases in Ohio to which we have been cited by counsel for plaintiff in error, are consistent with these rules. The first is Harsh et al. v. Klepper, 28 O. S., 200:

Reading from the opinion of Wright, J. "This was an action upon a promissory note, dated April 15, 1865, at one year, which Harsh had signed as surety for the other makers, John H. Tressell and L. R. Tressell.

The evidence of Harsh was: First, that after he had signed the note and it had been delivered, it was altered in this, that the rate of interest was changed from six to seven per cent. It was claimed and the jury found that the alteration was mde by John H. Tressell, one of the principal makers, with the consent or by the direction of plaintiff, without intent to injure or defraud Harsh, but without his knowledge or consent.

It is claimed that this is a material alteration, and such as discharges Harsh, the surety."

The facts recited here were found by the jury specially in answer to interrogatories. I read from page 207:

"The defendant made a motion for judgment *non obstante*. The special verdict of the jury, found, in answer to the third interrogatory, that the note was altered by one of the principals with the consent or by the direction of the plaintiff, and in answer to the fifth, that it was without the consent of the surety, Harsh.

"As we understand the law, a material alteration of a note, by a principal, with the consent of the owner and holder, and without the consent of the surety, discharges such surety.

"By sec. 277 of the code (now sec. 5202, Rev. Stat.) when the special finding of facts is inconsistent with the general verdict, the former con-

trols the latter, and the court may give judgment accordingly. Upon these findings therefore, the defendant is entitled to judgment.''

It is not apparent or ever conceivable, that any state of facts could have been shown to nullify the effect of these special findings. There was no decision upon that point—the case turned upon the single question of the materiality of the alteration as affecting the rights of the sureties.

Another case to which we are referred by counsel for plaintiff in error, is that of Schaefler v. Sandusky, 33 O. S., 246. The only question considered in that case was as to the effect of the plaintiff's contributory negligence shown by the special findings. The finding of a general verdict to the effect that the plaintiff was without fault and the express finding of the special verdict upon the facts, showing that he was guilty of negligence, could not be reconciled on any reasonable hypothesis or case that might have been proven under the issues, so that the latter, viz.; the special findings, controlled.

As to the case at bar: Was the plaintiff below confined to proof of an injury resulting not only from a collision of the cars, but from her being thrown from the car in which she was riding by the force of the collision, or might she not have shown under the pleadings that her injury was due to the negligence charged which resulted in the collision, but, that she was injured, in some other manner than by being thrown from the car at the moment of the collision and in consequence thereof ? We are of the opinion that the negligence charged is the gist of the action, and that proof as to the manner in which the injury was received need not have been confined precisely and exactly to the manner stated in the petition; though if a variance in these allegations as to the manner in which the injury was received was likely to prejudice the plaintiffs in error in their rights, an amendment of the pleadings might have been required. See sec. 5294, Rev. Stat., and the cases of Hogg v. Zanesville Canal & Manf. Co., 5 O., 410; Hoffman v. Gordon, 15 O. S., 211.

The fourth proposition of the syllabus in Hoffman v. Gordon *supra*, is as follows:

"The petition charged defendant with flooding the plaintiff's cellar by obstructing the street, and the answer denied the charge. On the trial, evidence, admitted without objection, showed that the flooding was occasioned by defendant's wrongful opening of the sidewalk, making a channel through which the water was forced into the cellar by obstructions placed in the street by others. Held: That it was not error for the court, although no amendment of the petition was asked or made, to find upon this evidence for the plaintiff, and to render judgment accordingly. Such proceeding is in conformity to secs. 131, 132 of the code."

Judge Welch, at page 217, after quoting this section, speaks as follows:

"This case is within the spirit and meaning of secs. 131 and 132 of the code. It is a case of "variance" such as is contemplated in these sections, and not a case of "failure of proof" within the meaning of sec. 133. The "real controversy" was, whether the defendant had wrongfully caused the water to flow into the plaintiff's cellar. The petition alleges that he had, and the answer denies the charge. True the petition avers the means by which this was done, to have been the obstruction of the street by the defendant; and the evidence shows that it was effected by removing the pavement, and thereby rendering an obstruction of the street effectual for mischief. Strictly, this was not an obstruction; but without it the actual obstruction would have been harmless.

A "liberal" reading of the pleadings, giving to their language its ordinary and popular sense, as the code seems to require, would be that they intended to put in issue the general fact, of wrongfully causing the water to flow into the cellar. The parties must have so understood them; for they came to the trial prepared with proof to that extent, and mutually introduced it without objection from either. The variation between the pleading and the proof is merely technical."

And the court refers with approval to the case of Hogg v. Zanesville C. M. Co., 5 O., 410, heretofore referred to.

The evidence submitted to the jury is not brought before us.

If, under the issues, proof could have been made without material variance of a state of facts authorizing a recovery and reconcilable with the specific findings of facts, we are bound to presume that such state of facts was established by the evidence, and that the general verdict was founded thereon. We must presume too that this variance in the proof was made without objection. Hoffman v. Gordon, 15 O. S., 211; Speer v. Bishop et al., 24 O. S., 598.

That the pleading was not amended to conform to the proof, as provided for by sec. 132, will not constitute ground for the reversal of the judgment on error. Sibila v. Bahney, 34 O. S., 399; Benninger v. Hess, 41 O. S., 64.

The special findings do not exclude the hypothesis that defendant in error was a passenger on the car of the plaintiff in error at about the time of the accident, and that immediately before such collision she left the car involuntarily by being violently thrown from said car, as alleged in the petition, in consequence of the sudden checking of the speed of the car; or the other hypothesis, suggested in argument, that immediately before the actual contact and collision of the cars she jumped, to save herself from imminent and impending peril. If the injury was caused in either manner, or if there was a combination of these causes, yet the primary and proximate cause may have been the negligence of the servants of the plaintiff in error in running and operating the car. We think that proof of either state of facts supposed, together with the other facts necessarily found by the general verdict, and not in any degree inconsistent with the special findings, would have warranted the general verdict, and that evidence thereof would be admissible under the issues. We refer to Booth on Street Railway Law, sec. 383 and the cases there cited; to the case of Iron R. R. Co. v. Mowery, 36 O. S., 418. For the reasons given, the judgment will be affirmed.

*Smith & Baker*, attorneys for plaintiff in error.

*W. H. Harris* and *C. E. Sumner*, for defendant in error.