## HORATIO COOK, Appellant, *v.* MULTNOMAH COUNTY, Respondent.

CORONER'S FEES—SUMMONING A JURY.—Where in a statement of expenses of a coroner's inquest returned by the coroner to the county court, said coroner has charged five dollars for summoning a jury, the court may, in its discretion, allow a less sum.

IDEM—COUNTY COURT MAY ALLOW IN ITS DISCRETION.—No fee is fixed by the statute for the coroner for summoning a jury of inquest. The county court may fix the compensation in such case. The finding and order of such county court, in such a case, is not the subject of a writ of review.

APPEAL from Multnomah County.

The appellant presented the following bill to the county court for holding an inquest: Holding inquest, five dollars, summoning jurors, five dollars; swearing jurors, sixty cents; summoning and swearing nine witnesses, seven dollars and fifty cents; deposition of fourteen folios, three dollars and fifty cents; mileage, twenty cents; bringing corpse to morgue, three dollars. The county court refused to allow the item of five dollars for summoning a jury, but allowed two dollars and twenty cents for such service. The rest of the bill was allowed. A writ was brought by the coroner to review the order of allowance. Upon the hearing, the circuit court dismissed the writ, whereupon the appeal was taken.

*Woodward & Woodward,* for appellant.

*J. F. Caples, District Attorney, and M. F. Mulkey,* for the State.

By the Court, BOISE, J.:

The question presented in this case must be determined by the construction of certain sections of the statute. Section 5, on page 603, which provides that the coroner's fee for taking an inquest concerning the death or wounding of any person, shall be five dollars, has reference to his service for holding the inquest; that is, for presiding at and conducting the inquest, and does not include his services or expenses in summoning a jury, or witnesses. When he summons a jury or witnesses, he does it in his capacity as coroner, and not as sheriff, for he only acts as sheriff in such cases as the statute has provided for, where he executes process in cases where the sheriff is disqualified.

The duties of coroners in taking an inquest are defined and regulated by statute in chapter 39, and all their duties and powers relating thereto, are there specified. Section 463 of said chapter provides that "the coroner must return to the county court a written statement, verified by his own oath, of the expense of any inquest or burial made by him, which account must be audited and paid to the persons to whom the items thereof are due, in the same manner as ordinary claims against the county."

This item for summoning a jury was one of the expenses of the inquest, the same as the summoning of witnesses, and was to be audited. It was so presented in this case, and there being no statute expressly providing what sum should be allowed, it was the duty of the county court, under the power conferred on them by said section, to allow such compensation as was reasonable, and such county court could take evidence to determine the propriety or amount of any item contained in the statement made to them by the coroner. Their finding on any of these items as to the proper amount to be allowed, could not be reviewed by the circuit court, nor can it be by this court.

We think, therefore, that the allowance made in this case for summoning the jury, is not the subject of review, and that the writ of review was properly dismissed by the circuit court, and its judgment will be affirmed, with costs.