ARTHUR FAHIE, PLAINTIFF AND RESPONDENT, *v.* S. A. LINDSAY, APPELLANT, AND A. B. LINDSAY, F. W. GODFREY, B. LATHAM, JAMES WILSON, DENNIS CORCORAN AND FISHBURN & KENNEDY, DEFENDANTS AND RESPONDENTS.

BILL OF INTERPLEADER.—An action was brought in the county court by a husband and wife against the maker of a promissory note payable to the wife, and while the action was pending, the money due upon the note was garnished in the hands of the maker by certain creditors of the husband, who claimed that the same was the property of the husband, and who alleged that the note was taken in the wife's name to delay and defraud the husband's creditors. *Held*, that the maker of the note could properly file a bill of interpleader to determine the conflicting claims of the wife and the garnishing creditors to the money.

IDEM—MATTERS AFFECTING THE GOOD FAITH OF THE PLAINTIFF ARE NOT ADMISSIBLE AFTER THE ORDER IS MADE.—Where the plaintiff in a bill of interpleader stated under oath that there was no collusion between himself and either of the defendants, and an order was made by the court requiring the defendants to interplead with each other, evidence to prove collusion could not be received after the making of such order.

FINDINGS OF FACT BY REFEREE—WHAT EFFECT GIVEN THEM.—In a suit in equity, where the court appoints a referee to take the testimony and report the facts and the law to the court, this court will not reverse the findings of facts by the referee unless the same are clearly against the weight of the testimony.

APPEAL from Multomah County.

On the tenth day of October, 1878, the respondent executed and delivered to the appellant a promissory note, of which the following is a copy:

"$300.   Thirty days after date, for value received, I promise to pay S. A. Lindsay or bearer the sum of three hundred dollars, in U. S. gold coin, and one per cent. until paid.

"Portland, October 10, 1878.          ARTHUR FAHIE."

On the twentieth day of November, 1878, the defendant, A. B. Lindsay, and the appellant, S. A. Lindsay, his wife, commenced an action in the county court against the respondent, on the said promissory note, and before judgment was obtained in the action, to wit, on and between the twentieth and twenty-seventh days of November, 1878, the defendants, Godfrey, Latham, Corcoran, Wilson, Fishburn, and Kennedy, severally caused garnishee process to be served on the respondent, Authur Fahie, by virtue of sundry executions issued by them respectively on judgments which they had obtained in justices' courts against the defendant, A. B. Lindsay, and one Brandstetter.   These defendants, who garnisheed the respondent, claimed that the money due on the three hundred dollar note in controversy belonged to the defendant, A. B. Lindsay, and not to his wife, S. A. Lindsay, the appellant, and that the note was made payable to her with intent to defraud the creditors of A. B. Lindsay.   On the fourth day of December, 1878, the respondent commenced a suit in the circuit court by filing a bill of interpleader, making A. B. Lindsay, S. A. Lindsay, and all the garnishee claimants parties defendants in the suit.

In the complaint, the respondent alleges that he made and delivered the note in controvery to S. A. Lindsay on the tenth of October, 1878; that an action was commenced on it by A. B. Lindsay and S. A. Lindsay, in the county court, against the respondent; that afterwards the defendants Godfrey, Latham, Corcoran, and others caused notice of garnishment to be served on him (respondent) by virtue of executions issued upon judgments rendered in their favor

in justices' courts against A. B. Lindsay and others; that said defendants claim that the money due on the said promissory note is the property of A. B. Lindsay, and was made in the name of S. A. Lindsay, the wife of A. B. Lindsay, with intent to cheat and defraud his creditors. The respondent then alleges that he is wholly ignorant of the respective rights of said several defendants to the money due on the note, and prays that said defendants may be required to interplead between themselves concerning their claims to the money.

After the pleadings between the several claimants were perfected, and the case at issue, William M. Evans was appointed a referee, to take the testimony and report the facts and the law to the court. In his report the referee, among other things, finds, "that said note was made by said Arthur Fahie to said S. A. Lindsay, for the purpose of hindering, delaying, and defrauding the creditors of said A. B. Lindsay; and that the money secured by said note was his property." The report of the referee was confirmed, and the money adjudged to belong to the creditors of A. B. Lindsay, who had garnisheed it in the hands of respondent.

*B. Killen and H. B. Nicholas,* for appellant.

*Northup & Gilbert,* for respondents Fishburn and Kennedy.

*Yocum & Clarno,* for respondent Fahie.

By the Court, KELLY, C. J.:

The first question raised by the appellant is one of jurisdiction. He claims that the matters in controversy between the several parties in this suit were not the proper subject of interpleader. Judge Story says: "A bill of interpleader is ordinarily exhibited where two or more persons claim the same debt, or duty, or thing from the plaintiff by different or separate interests; and he, not knowing to which of the claimants he ought of right to render the same debt, duty, or other thing, fears that he may suffer injury from their conflicting claims, and therefore he prays that they

may be compelled to interplead, and state their several claims, so that the court may adjudge to whom the same debt, duty, or other thing belongs." (Story's Eq. Pl., sec. 291; Daniell's Ch. Pl. and Pr. 1560.)

We think the subject-matters in controversy in this suit come clearly within this rule, laid down in the books on equity pleading. The respondent admitted that he was indebted in the sum of three hundred dollars on the note given by him. Apparently the debt was due to S. A. Lindsay, the appellant, and it was claimed by her. This claim or right was denied by the creditors of her husband, who had garnisheed the debt in the hands of respondent. They alleged that there was collusion between the husband and wife to hinder, delay, and defraud them by taking the note in the name of the wife, when, in fact, the amount specified in it belonged to the husband. To try and determine this question of alleged fraud was within the peculiar province of a court of equity. A court of law had no jurisdiction of it, and the county court, in which the action on the promissory note was pending, had no equity jurisdiction conferred upon it by law to try questions of fraud.

The appellant contends that the respondent ought to have made the defense to the action, if any he had, in the county court, and that having failed to do so, he should not now be permitted to come into a court of equity for relief. But it is difficult to perceive what defense he could have made in the county court to the action against him, as he did not deny the validity of the note on which the action was brought. On the contrary, he averred his readiness to pay the amount due on it, to whomsoever it should be adjudged to belong. And that was a matter which could not be tried there, as the determination of it was cognizable only in a court having equity jurisdiction. Those who had garnisheed the money due on the promissory note, claiming that it was the property of A. B. Lindsay, had a right to establish their claim to it as against the appellant, but they could not interpose this defense in the action against the respondent in the county court. And the fact that the appellant obtained a judgment in her favor in that court after the garnishee

notices were served on the respondent, can not destroy their right to contest the validity of her claim to it. And we hold that the proper way to settle and adjust these conflicting claims to the money was by a bill of interpleader.

It is also claimed by the appellant that she should have been allowed to prove that there was collusion between the respondent and the defendants, who garnisheed the money on the note. There was an averment in the complaint that the suit was not brought by collusion with either of the defendants. The appellant demurred to the complaint, and the demurrer having been overruled, she did not ask leave to answer before the order of interpleader was made by the court. We think it was then too late to raise any question of collusion between the respondent and any of the defendants. Under the old system of equity practice, when the bill was not required to be sworn to, the plaintiff was required to file, with a bill of interpleader, an affidavit that there was no collusion between himself and any of the other parties to the suit; but the court would not permit any evidence to be adduced to contradict the affidavit. (2 Daniell's Ch. Pl. & Pr. 1563.)

There is another reason why this point can not be considered here. The report of the referee is silent upon the question whether there was or was not any collusion between the respondent and any of the defendants, and no exception was taken to it on this account, and as this ground of defense was not taken in the court below, it can not be made here for the first time.

The other points relied upon for a reversal of the decree of the circuit court are mainly questions of fact, as to whether the promissory note was taken in the name of the appellant for the purpose of defrauding the creditors of her husband, and whether the claims of the defendants, who garnisheed the money due on the note, were just and legal demands against the defendant, A. B. Lindsay. These were controverted and contested matters before the referee, upon which a great deal of testimony was taken on both sides. And after hearing it, the referee found, on all these questions, adversely to the appellant.

Exceptions were taken by her to the findings of fact in this respect, and the exceptions were not sustained by the court. In such cases this court will not reverse a decree, unless the findings of the referee are clearly against the weight of testimony, which we think is not so in this case.

The decree of the court below is affirmed with costs.