# CROSSEN *v.* WASCO COUNTY.

COUNTIES—BODIES CORPORATE.—By the law of this state each county is a "body politic and corporate" for the purpose, among other things, "to sue and to be sued."

COUNTY COURTS—COUNTY BUSINESS.—The county court, when exercising the authority and powers pertaining to county commissioners in the transaction of county business, is a court of inferior or limited jurisdiction, and has only such jurisdiction, and can only exercise such powers as are expressly conferred or necessarily implied.

JUDICIAL ACTS REVIEWABLE.—The "decisions" given or made in the transaction of county business referred to in section 875 of the code, which can only be re-examined by writ of review under the subdivisions of sec. 870, are judicial in their nature.

FEES OF OFFICERS—ACTION AGAINST COUNTY.—When the law prescribes the services of the officer and the fees to be paid therefor, and directs that the county must pay such fees when the services are rendered, the county court, as the agent of the county, has nothing to do but to pay such fees—the occasion is not one which confers jurisdiction on the county court to render a "decision" either for or against its principal— it must pay or the county will be liable in an action at law.

COUNTY FUNDS—PAYMENT OF OFFICERS.—The general care and management of the county funds and business confided to the county court under subdivision 9 of section 870, while it authorizes the county court, as representative of the county, to pay the fees of officers for services rendered for the county, and, perhaps, all just and lawful claims against the county, does not necessarily imply the authority to audit and allow claims in the judicial sense "to hear and to determine," and its refusal to pay such fees, in whole or in part, is not the exercise of judicial functions, or a "decision" which can only be reviewed by the writ of review provided by the code.

JURISDICTION NOT IMPLIED.—Such jurisdiction is not essential or necessary to enable the county court, as the financial agent of the county, to perform the duties imposed under that subdivision, nor to make it effective and operative, and cannot therefore be implied.

COUNTY COURT—FISCAL AGENT OF COUNTY.—In settling with the sheriff in
    such case, the county court acts merely as the fiscal agent of the county,
    and in performing that duty, it acts precisely as would the agent of a
    private corporation, and for that purpose it does not constitute a court
    in the proper sense.

APPEAL from Wasco County.  The facts are stated in the opinion.

*Bellinger & Gearin,* for appellant.

*W. Lair Hill,* for respondent.

By the Court, LORD, C. J.:

The respondent, as plaintiff, brought his action against the appellant, as upon account, to recover fees alleged to have been earned by him as sheriff of the county of Wasco, and which were chargeable against the county.  The items of the demand are set forth in the complaint.  It is also alleged that the bills specified were presented to the county court, and payment thereof demanded, and that the county court "refused to audit, allow or pay" the same, or any part thereof, except certain items specified in the complaint.

The inquiry presented by this appeal is as to the remedy to be pursued in such case.  The position of the appellant is, that the county court in passing upon claims against the county, acts judicially, and that its decision is an adjudication, and consequently the only remedy of an aggrieved party under our statute, is by a writ of review.  On the other hand, the respondent claims that when the county court refused to audit and allow his claim in whole or in part, his right of action against the county accrued.  It will thus be seen that both parties concur in the opinion as to the requirement of first presenting the claim to be audited and allowed before any remedy whatever against the county can be pursued.  By the law of this state each county is a "body politic and corporate" for the purpose, among other

things, "to sue and to be sued," (Or. Laws, p. 535). The law of this state also prescribes the services of a sheriff, and specifies the fees to be paid therefor, (Or. Laws, p. 602 and 603) and further provides that "the fees herein allowed for services rendered the county or state must be paid by the county or state as the case may be." (Or. Laws, sec. 17, p. 606.) Thus it appears that a county may sue or be sued the same as any private person, or other corporation, and that the law, in addition to prescribing the services to be rendered by the sheriff, and the fees to be paid therefor, requires the county, when such services are rendered the county, to pay the same; when, then, in such case, services are rendered by an officer, the liability of the county to pay the fees prescribed by law for such services is fixed, and an action at law may be maintained by the officer against the county to enforce the payment of the same, unless some other mode or remedy has been exclusively provided by statute. But it is claimed by the appellant, under subdivision 9, section 870, of the code, that the county court has devolved upon it the authority and power to audit and allow claims against the county; that when engaged in the performance of such duty it is exercising judicial functions, and that its decisions, in allowing or disallowing such claims, is an adjudication, and can only be reviewed by the writ of review provided by the code. This argument assumes that the authority of the county court to audit and allow claims is included in the powers conferred by subdivision 9, section 870, and consequently the party aggrieved by the decision in such case is limited entirely and exclusively to the remedy by review as provided in section 875 of the code.

Section 870 provides that the county court has authority and powers pertaining to county commissioners, to transact county business, "that is," (subdivision 9) "to have the gen-

eral care and management of the county property, funds and business, where the law does not otherwise expressly provide," and section 875, provides, "its decisions given or made in the transaction of county business, shall *only* be reviewed by the writ of review provided by this code." It is not claimed, nor will it be controverted, that the authority or power to audit and allow claims against the county is by any of the subdivisions enumerated under section 870, expressly or in direct terms conferred on the county court. If such jurisdiction or power, then, exists in that tribunal, it must result by necessary implication from the powers conferred by subdivision 9, before adverted to. Now the county court, when exercising the authority and powers pertaining to county commissioners in the transaction of county business, is a court of inferior or limited jurisdiction, and it would be a work of supererogation to cite authorities to show that such courts have only such jurisdiction, and can only exercise such powers as are expressly conferred or necessarily implied. Nor will jurisdiction be implied where the existence of the power is doubtful and does not result as necessarily and inevitably as when expressly conferred. What is necessary may be supplied by implication, but it must be so supplied *ex viscerebus actus.*

The "decisions" given or made in the transaction of county business, referred to in section 875, which can only be re-examined by writ of review under the subdivisions of section 870, are judicial in their nature or character, and concern public affairs. But when the law prescribes the services of the officer and the fees to be paid therefor, and declares that the county must pay such fees when the services are rendered the county, the county court, as the agent of the county, has nothing to do but to pay such fees—the occasion is not one which confers jurisdiction on the county

court to render a "decision" either for or against its principal—it must pay, or the county will be liable to an action. While "the general care and management of the county property, funds and business," is expressly conferred on the county court as the representative of the county, by subdivision 9 of section 870, and undoubtedly authorizes the county court to pay such fees, and all other just and lawful claims against the county, it by no means follows that the authority or power to audit and allow such claims in the judicial sense, "to hear and to determine" is impliedly conferred on the county court by this subdivision, and that its refusal to pay such claims, in whole or in part, is the exercise of judicial function—a "decision" which can only be reviewed by the writ of review. Such jurisdiction is not essential or necessary to enable the county court, as the financial agent of the county, to perform the duties imposed under that subdivision, nor to make it effective and operative, and therefore cannot be implied. Besides, it is an ancient and salutary principle of the law that nothing is to be intended in favor of the jurisdiction of such courts (Bac. Ab. courts, p. 630) for as was said by Fortescue, J., "it was never said that this court shall construe an inferior court into jurisdiction." (*Pierce* v. *Hopper*, 1 Strange, 260.) And, in general, a strict construction of statutes is best at any rate." When implications are admitted beyond the limits of the most rigid necessity, it is very easy to drift unconsciously away from the meaning of the law giving power altogether, and establish what was never intended, or even thought of. (Wells on Jurisdiction of Courts, sec. 72.)

And there can be but little doubt that if the legislature had intended to invest the county court with such jurisdiction as would give to its decisions, in the allowance or rejection of claims, the force and effect of a judgment, it would

not have left the authority to exercise such jurisdiction to conjecture or construction, or doubtful implication, but would have conferred the power in direct terms. Where the county court is invested with the special duty or authority to audit and allow certain claims by statute, it has been held that its order, or decision in allowing or rejecting such claims is the exercise of judicial functions, and can only be reviewed by the writ of review provided for in the code. The statute making provision for the state militia, among other things, provides that the county court shall provide for each company an armory, etc., and shall also, "at each of its sessions, audit and allow, and cause to be paid the necessary expenses of the same," etc., (Misc. Laws, p. 668, section 19,) and in construing this provision, in *Mountain* v. *Multnomah Co.*, 8 Or., 474, Judge Prim said: "It will be seen that by the provisions of this section, it is made the special duty of the county courts to audit and allow, and cause to be paid, the necessary expenses of organized volunteer companies within their respective counties. And as the county courts, as a matter of necessity, in allowing or disallowing these accounts, have to exercise judicial functions, their action may be reviewed by the writ of review provided for in the code."

But there is no such provision in respect to the matter under consideration, or enumerated among the express powers conferred under the subdivisions of section 870, nor can such power or jurisdiction be implied from the general care and management of the county funds and business confided to the county court under that subdivision. In settling with the sheriff in such case, the county court acts merely as the fiscal agent of the county, and in performing that duty, it acts precisely as would the agent of a private corporation, and for that purpose it does not constitute a court

in its proper sense. The judgment of the court below is affirmed.

Judgment affirmed.