[Filed June 2, 1885.]

## W. F. PRUDEN *v.* GRANT COUNTY.

COUNTY COURTS—AUDITING ACCOUNT—WRIT OF REVIEW.—The county court, in auditing an account for services, where the amount of compensation is not fixed by law, is doing " county business"; its acts are judicial, and its award must be regarded as just compensation. In such case its decision may be reviewed by writ of review.

ACTION AGAINST COUNTY.—An action cannot be maintained against a county upon such a claim. Where a county deals with a party in its corporate capacity, it may be sued the same as a natural person, but where the sovereign power of the State is exercised through a county organization, a claim for compensation arising from discharge of a duty in such a case must be adjusted in the mode pointed out by law.

GRANT COUNTY.   Defendant appeals.   Reversed.

The plaintiff, a physician, upon the command of a subpœna issued by the coroner of Grant County, assisted at an inquest held upon the body of one Benj. C. Acock. He claimed for such services $125, which was returned by the coroner as a part of the expenses of the inquest. Thereafter the county court of said county sitting for the transaction of county business allowed on said account $48.20, and disallowed the remainder. Plaintiff brought an action against the county for the balance of the account alleging the above facts, 'and this appeal is from a judgment overruling a demurrer to the plaintiff's complaint.

*M. D. Clifford, District Attorney,* and *C. W. Parrish,* and *Geo. H. Williams,* for Appellant.

*L. L. McArthur,* for Respondent.

THAYER, J.—The court, upon consideration of this case, is of opinion that the decision in *Cook* v. *Multnomah Co.* 8 Oreg. 170, is decisive of the question involved here.* The service which the respondent was required to perform was for the public benefit, and while he is entitled, under the Constitution of the State, to just compensation therefor, yet he must acquiesce in the mode prescribed by law to obtain it. The coroner subpœnaed him as a physician and surgeon to attend the inquest, and under the law it became his duty, in the presence of the jury, to inspect the body of the deceased, and give a professional opinion as to the cause of the death. (Crim. Code, § 455.) It then became the coroner's duty to return to the county court a statement of the expense attending the inquest, which that court was required to audit and pay to the persons to whom the items thereof were due, in the same manner as ordinary claims against the county. (Crim. Code, § 463.) The court is of opinion that, in auditing an account for services in such cases, where the amount of compensation is not fixed by law, it is the duty of the county court to inquire into and ascertain the same, and that the amount so determined upon and paid must be regarded as

just compensation for the services performed; that the county court acts judicially in such a case; that its acts constitute the transaction of county business; and that when it exercises its functions in determining the amount of the claim erroneously, or exceeds its jurisdiction to the injury of a substantial right of the claimant, its decision may be reviewed by writ of review, as provided in the Code of Civil Procedure.

The case is unlike that of *Crossen* v. *Wasco Co.* 10 Oreg. 111. There the amount of compensation for the services was prescribed by statute. Nor is the investment of the county court with such jurisdiction, and limiting the remedy of a claimant to its exercise in such a case, the violation of any constitutional right of trial by jury. No action can be maintained against a county, under the laws of this State, except upon a contract made by such county in its corporate character, and within the scope of its authority, or for an injury to the rights of a party arising from some act or omission of such county. (Civ. Code, § 347.) Where a claim to compensation for services has been created by the officers of a county in the discharge of a public duty enjoined by law, which is made chargeable upon the county, and the amount is not prescribed by statute, the claimant cannot maintain an action thereon against the county, but must submit to the adjustment of the county court, as before mentioned. Where a county deals with a party in its corporate capacity, and violates its obligation or duty, it may be sued the same as a natural person; but where the sovereign power of the State is exercised through a county organization—employs the latter as a means and agency for the purpose of regulating and controlling affairs which are for the benefit of the whole community—a claim to compensation, created in the discharge of a duty in such a case, must be adjusted in the mode pointed out by law. The ordinary remedy for the enforcement of a right is not necessarily reserved to such a claimant. It is optional with the legislature to give that or some other substantial remedy, and in the opinion of the court it has done the latter in the class of cases referred to. The demurrer, therefore, to the complaint should have been sustained.

The judgment must consequently be reversed, and the case remanded to the court below for further proceedings, as above indicated.

WALDO, C. J., did not sit in this case.