(26 Misc. Rep. 500.)

### WOLFF et al. v. MOSES.

(Supreme Court, Special Term, New York County. February, 1899.)

COSTS—REPLEVIN.
    While under Code Civ. Proc. § 1726, directing when the verdict must fix the damages, it is not necessary that the value of the chattels be so fixed in replevin, where plaintiff, in whose favor the verdict was, has possession given him under the writ, and continued in possession down to the trial, it is necessary in such case that the value be so fixed to entitle plaintiff to taxation of costs under section 3228, subd. 2, providing that plaintiff is entitled to taxation of costs of course in "an action to recover a chattel. But if the value of the chattel * * * recovered by plaintiff, as fixed, together with the damages, * * * is less than $50, the amount of his costs cannot exceed the amount of the value and the damages."

Action by Armand Wolff and others against Marcus Moses as a marshal of the city of New York. Plaintiffs move for an order directing the clerk to tax their costs and disbursements. Denied.

Edward B. La Fetra, for plaintiffs.
Jacob Levy, for defendant.

BEEKMAN, J. This was an action of replevin. The property was taken under the writ, and delivered to the plaintiffs. It was never rebonded, but continued in plaintiffs' possession down to the time of the trial. The trial resulted in a verdict in favor of the plaintiffs, which was rendered in the following form: "For the possession of two horses mentioned in the complaint." No damages were awarded to the plaintiffs, nor was the value of the horses assessed by the jury. The plaintiffs thereupon gave notice of taxation of costs. The clerk refused to tax any costs, on the ground

that, the value of the property not having been fixed on the trial, the plaintiffs were not entitled to costs under subdivision 2 of section 3228 of the Code of Civil Procedure. The section thus referred to defines when the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor. Subdivision 2 reads as follows:

"(2) An action to recover a chattel. But if the value of the chattel, or of all the chattels, recovered by the plaintiff, as fixed, together with the damages, if any, awarded to him, is less than $50, the amount of his costs cannot exceed the amount of the value and the damages."

It must be conceded at the outset that the case was not one in which it was necessary to fix the value of the chattel pursuant to section 1726 of the Code of Civil Procedure. That section provides that:

"The verdict, report, or decision must fix the damages, if any, of the prevailing party. Where it awards to the plaintiff a chattel, which has not been replevied, or where it awards to the prevailing party a chattel, which has been replevied, and afterwards delivered by the sheriff to the unsuccessful party, or to a person not a party, it must also, except in a case specified in the next section, fix the value of the chattel, at the time of the trial."

In this case, as we have seen, while the chattel was replevied, it was not afterwards delivered by the sheriff to the unsuccessful party, but continued to remain in the hands of the plaintiffs, who succeeded in the action. While, then, it was not necessary that such value should be determined, the plaintiffs could have had it assessed for the purpose of supporting their claim for costs. It will be noticed that subdivision 2 of section 3228 refers to the value of the chattels "as fixed," a proper construction of which, in such a case as this, it seems to me, calls for a judicial determination ascertaining such value, the appropriate occasion for which is upon the trial of the action. Although it appears that the plaintiffs testified that the property was worth about $200, and no further evidence was given by either party upon the subject, I do not think that this was a fixing of such value within the meaning of the Code. The question seems to have been settled adversely to the contention of the plaintiffs in the case of Lockwood v. Waldorf, 91 Hun, 281, 36 N. Y. Supp. 199. I feel constrained, therefore, to deny this motion for an order directing the clerk of the court to tax the plaintiffs' costs.

Motion denied, without costs.