(64 App. Div. 122.)

## BRAWNER v. FAHY et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

JUDGMENT—RES JUDICATA.

    The holder of a chattel mortgage brought replevin against a sheriff levying on it under execution, alleging its value, which was put in issue, but no proof of value was given, and judgment only for possession was awarded to plaintiff. The property was subsequently retaken by the sheriff, and, after execution to obtain it was returned unsatisfied, plaintiff sued the sheriff and his indemnitors to recover its value. Code Civ. Proc. §§ 1726, 1727, 1730, provide that in an action to recover a chattel the damages, if any, of the prevailing party, must be fixed. *Held* that, the value of the property having been within the compass of the prior action, the prior judgment was res judicata.

Appeal from Monroe county court.

Action by Henrietta Brawner against John Fahy and others. From a judgment in favor of plaintiff and an order denying a new trial on the minutes, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Fahy A. Galligan, for appellants.
William C. Kohlmetz, for respondent.

SPRING, J. The defendant John Fahy recovered a judgment against one Charlotte Mulherin. Execution was issued on the judgment to the sheriff of Monroe county, who, on the 29th of December, 1898, levied upon the articles enumerated in the complaint, and which were in the possession of the judgment debtor. The plaintiff held a chattel mortgage upon the property, and sued the sheriff in the municipal court of the city of Rochester in an action of replevin. An answer was interposed, charging that the chattel mortgage was fraudulent and void, and a trial was had on the merits. The complaint alleged the value of each specific article of the property taken, and also its aggregate value, which was put in issue by a general denial. No proof of value was given on the trial, and the judgment entered was not in the alternative form provided in section 1730 of the Code of Civil Procedure, but simply awarded the possession of the property to the plaintiff. The defendant appealed for this defect to the county court from the municipal court, but the judgment was affirmed. In the meantime the property had been retaken by the sheriff, and sold, pursuant to the execution held by him. After an execution to obtain the property, which had been awarded to the plaintiff, had been issued and returned unsatisfied, this action was commenced to recover the value of such property, and a recovery was had, and the value was assessed at $600, but upon a motion for a new trial it was reduced to $405.20, which was the value alleged in the complaint in the first action. The defendants are the indemnitors of the original defendant, who was the sheriff, and were substituted by order of the court as defendants in his stead. The answers as well as the complaint set out the former action, and the defendants plead it as an adjudication in bar of the present action.

The sole question is whether, the value of the property having been within the compass of the preceding action, the plaintiff is barred from maintaining the present action by reason of the prior judgment. It is well settled that an adjudication is conclusive against the maintenance of the same claim or demand in another action, not only as to what was litigated in the former action, but also as to what was comprehended within its purview, even though not considered or passed upon. Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195; Felix v. Devlin, 50 App. Div. 331, 64 N. Y. Supp. 214; Boyd v. Boyd, 53 App. Div. 152–160, 65 N. Y. Supp. 859; Bracken v. Trust Co., 36 App. Div. 67, 55 N. Y. Supp. 506, affirmed 167 N. Y. 510, 60 N. E. 772; Reich v. Cochran, 151 N. Y. 129, 45 N. E. 367, 37 L. R. A. 805. The Code of Civil Procedure, in an action to recover a chattel, requires that

the verdict or decision, except in certain cases, of which this is not one, "fix the damages, if any, of the prevailing party" (sections 1726, 1727), and makes the award therefor an essential part of the final judgment (section 1730). The ascertainment of the value of these articles was a distinct feature of the replevin action, and hence a stronger case for the enunciation of the doctrine of res judicata than any of the cases cited. The rule of estoppel applies as well in favor of the defending indemnitors as of the original defendant, for whom they are sponsors. Code Civ. Proc. § 2931.

The judgment should be reversed, and the complaint dismissed, with costs to the appellants. So ordered. All concur.