Argued February 12, decided March 10, 1908.

## FLAGG v. COLUMBIA COUNTY.

[94 Pac. 184.]

CERTIORARI—WRIT OF REVIEW.—ACTION OF COUNTY COURT—CLAIM AGAINST COUNTY.

1. A writ of review is the only remedy for the review of discretionary action of the county court in fixing reasonable fees not fixed by law, and may be used to litigate a disputed claim therefor against a county after its presentation and refusal of payment.

NEWSPAPERS—COMPENSATION FOR PUBLICATION—DETERMINATION OF AMOUNT.

2. Sections 2636-2638, B. & C. Comp., require the county court to select the newspaper in the county having the largest circulation in which its proceedings shall be published; that compensation therefor shall be fixed by the court within a prescribed limitation, and that, in case of contest, the court shall determine the largest circulation from verified lists. *Held,* that where the court selected a newspaper and fixed the rate of compensation thereunder, its decision was final and conclusive on the parties as to the amount to be allowed.

SAME.

3. Though no time is expressly mentioned in the statute when compensation shall be fixed by the court, the intent is that it should be done at the time of the selection of the newspaper.

SAME.

4. In proceeding under such statute, a county court selected a newspaper without the required inquiry as to circulation, and fixed the compensation

pursuant to an offer of the publisher. Subsequently, having its attention called to the requirements of the statute, it rescinded its order, and required the applicants to file sworn statements as to circulation. It then selected the same newspaper as before, but without fixing in its order the amount of compensation. *Held*, that the court rightly rescinded its first order, and thereby relieved the publisher from his offer, and, not having fixed his compensation in the subsequent order, it must be presumed to have been satisfied with the maximum statutory rate, which it could not thereafter reject.

From Columbia: THOMAS A. McBRIDE, Judge.

Statement by MR. COMMISSIONER SLATER.

Plaintiff presented to the county court of Columbia county, a claim amounting to $193.50 for publishing in his paper from March 1, 1905, to the end of that year, the proceedings of that court. The claim was itemized and made a total of 387 inches of printed matter, for which he charged at the rate of 50 cents per inch, making the stated amount. The court disallowed $192.50 thereof and allowed $1, whereupon he instituted this suit to review the action of the county court. The circuit court set aside the order of the county court, and gave plaintiff a judgment for $193.50, from which judgment the county appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. William H. Powell* and *Mr. Harrison Allen,* with an oral argument by *Mr. Powell.*

For respondent there was a brief over the name of *Dillard & Day,* with an oral argument by *Mr. Joseph W. Day.*

Opinion by MR. COMMISSIONER SLATER.

The statute requires that the county court shall at the January session of each year, select one newspaper published in the county, having the largest circulation where published, in which the proceedings of said court, as entered of record, shall be published at the expense of the county (Section 2636, B. & C. Comp.) ; that compensation for the publication of such list of claims and proceedings shall be fixed by the county court, provided

that, for each square of ten lines of brevier type (newspaper measure) or its equivalent, the cost shall in no case exceed 50 cents per square (Section 2637) ; and, in case there is a contest for the privilege of printing such proceedings, the next succeeding section of the statute specifically provides, that the court shall determine from verified lists to be filed with the court, which of the newspapers of the respective applicants had the larger circulation.  On January 4, 1905, plaintiff made written application to the court that his paper, the Oregon Mist, be designated the official paper of the county for that year, in which he stated generally his belief that his paper had the largest *bona fide* yearly circulation within that county.  On the same day one R. H. Mitchell, publisher of another paper—the Columbia Register—made a like application, but offered to do the work for a compensation of $1.  On the 6th, without having taken any proof or made any inquiry into the comparative circulation of the two papers, the court made an order designating and appointing plaintiff's paper as the official paper of the county for that year, and fixed in the order of appointment, the compensation therefor at the sum of $1 for the entire year, to which plaintiff had orally agreed with the court as a condition of receiving the appointment.  On the 11th, the court, having its attention directed to the requirements of the statute relative to the manner of determining a contest in such matters, on Mitchell's motion, rescinded its order of the 6th, and required the two applicants to file with the court certified statements of the number of their subscribers, in accordance with the terms of the statute, on or before March 1, which they did.  But at that time plaintiff insisted that the order of the court rescinding its former order was not legal or binding, and sought to have the former order reinstated, offering in writing, to carry out the terms thereof.  This the court denied, and then determined from the proof submitted that the plaintiff's paper,

the Oregon Mist, had the greater number of *bona fide* yearly subscribers within the county, and was entitled to the appointment, and it was so ordered; but the court did not then fix in its order the amount of plaintiff's compensation. Plaintiff performed the services required of him during the remainder of that year, and on January 3, 1906, he presented to the court his itemized claim showing that he had published during that time 387 inches of court proceedings, for which he charged 50 cents per inch, or a total of $193.50, that being the maximum rate allowed by the statute. The only evidence of the action of the court thereon is an entry in the warrant register, setting forth, in column form under appropriate headings, the date of filing, name of claimant, amount and nature of claim, amount rejected, and amount allowed, from which nothing more appears than that $192.50 thereof was rejected, and $1 allowed. Plaintiff, being dissatisfied with the action of the court, sued out a writ to review its action. The circuit court made findings, and, among others, that the publication by plaintiff of the proceedings of the county during the year 1905, subsequent to March 1st, amounted to 387 squares of ten lines each of brevier type, and was of the reasonable value of $193.50 to the county; that the county court had erroneously refused to audit the claim or fix any compensation or to consider the amount of services so rendered by plaintiff, except that on January 10, 1906, without due or any consideration, and, without any intention of fixing just or any compensation for such services, made the entry above noted. From these determined facts, the court concluded as a matter of law that the county court had exercised its jurisdiction erroneously, and that plaintiff was justly entitled to the full amount of his claim. A judgment therefor was accordingly entered in his favor.

1. It is first contended on behalf of the county that a writ does not lie to review the order of a county court

where it exercises a discretion in fixing or allowing reasonable fees when not fixed by law, and that such remedy is not adapted to litigate a disputed claim against the county after presentation of his claim and a refusal of payment. In support thereof, there is cited *Cook* v. *Multnomah County,* 8 Or. 170; *Vincent* v. *Umatilla County,* 14 Or. 375 (12 Pac. 732) ; *Oregon Coal Co.* v. *Coos County,* 30 Or. 308 (47 Pac. 851). In *Cook* v. *Multnomah County,* 8 Or. 170, this court declined to disturb an order of the county court passing upon a coroner's bill and fixing the expenses of an inquest, because, there being no statute expressly providing what sum should be allowed, the law, it was held, imposed a duty to audit and allow such compensation as was reasonable, and in the performance of such duty that court could take evidence to determine the propriety or amount of any item contained in the statement made to them by the coroner; that is, the power was of a judicial nature, to hear and determine, and, because the record did not show that such power had been exercised erroneously, the result thereof could not be disturbed. The court did not declare that the remedy was by an action at law against the county, and such inference cannot be drawn from the opinion, but the contrary inference was drawn by Mr. Justice THAYER, in the case of *Pruden* v. *Grant County,* 12 Or. 308 (7 Pac. 308). In *Vincent* v. *Umatilla County,* 14 Or. 375 (12 Pac. 732), this court also dismissed the writ, not because the claimant's remedy was by an action at law, but because the decision by the county court was correct as a matter of law. The special act under which the liability was alleged to have been contracted by the county, required the county court at each of its sessions to audit, allow, and cause to be paid the necessary expenses of the militia company, but not exceeding a fixed amount. The judicial nature of the power thus imposed does not seem to have been questioned; but, on the contrary, it is expressly stated in the opinion that the case is very similar

to the case of *Mountain* v. *Multnomah County,* 8 Or. 470. The distinguishing feature, however, is pointed out to be that, in the former case there is an absence of any allegation in the record of the main facts, conditions precedent, upon which the county's liability depends under the statute. The decision is based upon the absence of such facts. It was not a question of remedy, but a question whether the trial court had exercised an admitted judicial power erroneously or not; and the conclusion reached by the majority of the court was that it had been correctly exercised, while Mr. Chief Justice LORD, dissenting, held it had not. For the same reason the other case cited is not in point. Where the authority is expressly conferred upon the county court to audit and allow claims against the county, in the judicial sense, "to hear and determine," its refusal to pay such claims, in whole or in part, is the exercise of a judicial function—"a decision"—which can be reviewed only by a writ of review: *Crossen* v. *Wasco County,* 10 Or. 111; *Mountain* v. *Multnomah County,* 8 Or. 470.

2. The language of the statute now under consideration can admit of no doubt, not only as to what power was intended to be conferred, but also that the conclusion reached by a proper exercise of that power should be conclusive as a judicial determination. The language of the statute is that "compensation for the publication of such list of claims and proceedings shall be fixed by the county court." This is something more than the mere examination and allowance of a claim against the county as its fiscal agent. It not only involves the determination of the amount to be allowed, but also makes the result final and conclusive upon the parties by a decision or order: *Zimmerman* v. *Canfield,* 42 Ohio St. 463. This is not an arbitrary power, but calls for a judicial determination of the reasonable value of the work (*Wolff* v. *Moses,* 26 Misc. Rep. 500: 57 N. Y. Supp. 696), and the appropriate occasion for its exercise is at the time of making the appointment. To "fix" a compensation is

to prescribe a rule or rate by which it is to be determined: Anderson's Law Dict. The "proviso" added to the words of the statute clearly indicate this. It reads: "Provided, that for each square of ten lines of brevier type (newspaper measure) or its equivalent, the cost in no case shall exceed fifty cents per square as aforesaid." In *Cricket* v. *State of Ohio,* 18 Ohio St. 9, the court, construing a proviso of the constitution of that state, which provided that "the general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers," etc., say at page 21 of the opinion that "the duty enjoined by this section in regard to fixing the compensation of officers, does not require the general assembly to fix the sum or amount which each officer is to receive, but only requires that it shall prescribe or 'fix' the rule by which such compensation is to be determined."

3. It is apparent from a consideration of the whole act that, although no time is expressly mentioned when compensation shall be fixed by the court, the intent is that it should be done at the time of the selection of the newspaper, and should be the result of a judicial inquiry and determination and be reasonably compensatory for the work to be done.

4. The court cannot arbitrarily select any newspaper, but must name the one making proof, as specially pointed out in Section 2638, B. & C. Comp., that it is possessed of the largest circulation. Neither can the court arbitrarily fix a measure of compensation, but the law presumes that the rate fixed shall be reasonably compensatory. The statute fixed a maximum rate, beyond which the court cannot go, and conferred power upon it to fix a lower rate; but the county court not having done so at the time of making the appointment, and having made no finding as to what was a reasonable rate when passing on plaintiff's claim, it is only fair to presume that the court was satisfied with the reasonableness of the statutory rate. Indeed, this case has been tried and pre-

sented by the counsel for the county upon the apparent theory that there was no question as to the correctness of the amount of work done and the reasonable value thereof, as stated in plaintiff's bill, but that plaintiff was still bound by his previous offer to do the work for the sum of $1. This undoubtedly was the theory upon which the county court acted when passing on the bill. If it desired to question the facts stated in the bill, it should have made findings thereon, and made them a matter of record. That duty was not upon the claimant, but upon the county. And now to send this case back so that it may dispute these facts we think would be doing plaintiff an injustice. At the inception of this matter, the county court seems to have acted upon the erroneous assumption that it had some discretion as to whom it would let the work, and that it had a right to let the work to the lowest bidder. The parties undoubtedly made their respective offers under that belief, but, having discovered the error, the court rightly rescinded its order of January 6th, and proceeded according to law. If there ever was any binding obligation upon plaintiff by reason of his offer, he was certainly relieved from it when the court rescinded the order. Hence the action of the court in rejecting the principal part of plaintiff's bill or claim and allowing a nominal sum, was not a proper exercise of the special jurisdiction conferred, and the circuit court committed no error in setting its order aside.

Some objection is made to the form of the judgment entered by the circuit court, it being an ordinary money judgment, whereas, it is urged, it should be no more than a determination by the court of the amount due and the entry of an order directing its allowance and payment by the county court. The judgment entered can have no other effect; for execution against the county could not issue, and payment can be secured only through a further order of the county court directing the issuance of a warrant for the amount.

The judgment should be affirmed.          AFFIRMED.