Submitted on brief October 7, affirmed October 27, 1916.

# COOS BAY TIMES PUB. CO. *v.* COOS COUNTY.

(160 Pac. 532.)

**Counties—Actions—Remedy by Certiorari.**

1. An ordinary action at law may be brought to recover the amount claimed under a contract with the county which had been rejected in part by the County Court, where there are questions of fact as well as of law involved, since on a writ of review the court cannot examine a disputed question of fact, but can consider only facts disclosed by the record.

**Counties—Officers—Authority—Publication of Tax Lists.**

2. General Laws of 1913, page 576, requires the tax collector to publish in the newspapers selected by the County Court to publish court proceedings under Section 2902, L. O. L., a notice of delinquent taxes, which publication shall be for a price not exceeding the price prescribed by Section 2903, L. O. L. The latter section provides that compensation for the publication of lists and proceedings shall be fixed by the County Court not exceeding the limit therein specified. Section 937, L. O. L., gives the County Court the general care and management of the county property. *Held,* that the tax collector has no authority to contract for the publication of delinquent tax lists at a rate exceeding that fixed by the County Court.

**Counties—Officers—Authority—Publication of Tax Lists.**

3. The provision of General Laws of 1913, page 576, that in counties of more than 100,000 inhabitants the County Court shall cause the delinquent tax lists to be published at a compensation therein definitely fixed, does not indicate an intention of the legislature to confer on the tax collectors of other counties the authority to fix the compensation for such publication.

**Newspapers—Contracts—Publication of Tax Lists.**

4. The selection of official newspapers and establishing of the compensation for notices published therein by the County Court, and the acceptance of such appointment by a newspaper by doing the work with knowledge of the rate designated, constitutes a contract for the printing of the list at the rate specified, which neither party can thereafter ignore.

**Work and Labor—Express Contract—Effect.**

5. A newspaper which publishes a delinquent tax list under a contract fixing the amount of compensation pursuant to statute cannot recover a larger compensation on *quantum meruit.*

From Coos: George F. Skipworth, Judge.

In Banc.   Statement by Mr. Justice Bean.

The Coos Bay Times Publishing Company, a corporation, brings this action against Coos County to recover compensation for printing the delinquent tax list for said county.   From a judgment rendered on a verdict in favor of defendant, plaintiff appeals.

Submitted on brief under the proviso of Supreme Court Rule 18; 56 Or. 622 (117 Pac. xi).   Affirmed.

For appellant there was a brief submitted over the name of *Messrs. Peck & Peck.*

For respondent there was a brief submitted over the name of *Mr. Lawrence A. Liljeqvist,* District Attorney.

Mr. Justice Bean delivered the opinion of the court.

As developed by the record the case is as follows: On February 15, 1915, in accordance with the mandate of Section 2902, L. O. L., the County Court of Coos County selected the "Coos Bay Times," published by plaintiff, as one of the official newspapers of the county. On the same date, as shown by plaintiff's Exhibit D, the County Court entered a separate order fixing the price to be paid by the county for the publication of delinquent tax notices at three cents per line for each insertion.   On and between April 5 and May 3, 1915, at the instance of the county, plaintiff published the delinquent tax list and notice of delinquency in five issues of its paper.   This was done upon a copy being furnished by the sheriff.   The plaintiff claims that a contract was made with the tax collector to the effect that the defendant would pay five cents per line for

each publication thereof. Plaintiff duly presented its claim for such services to the County Court, aggregating, at the five cent rate, $1,035. The County Court allowed $592.35, the price fixed by it, rejected $440.65 of the amount claimed, and issued a warrant for the sum allowed, which was not accepted by the publishing company, and this action was instituted. Plaintiff alleges a contract for the printing at the rate of five cents per line for each issue of the newspaper. Defendant denies the contract as alleged, and insists that under the statute the County Court is the proper tribunal to fix such compensation. Plaintiff also claims that the amount charged by it was the reasonable value of the services. The trial court rejected this latter claim and all evidence in support thereof and also all evidence tending to prove a contract fixing the rate made by the tax collector on behalf of the defendant county.

1. It is contended by counsel for defendant that the questions involved herein cannot be settled in an ordinary action at law, and that plaintiff's remedy, if any, is by a writ of review. We see no merit in this contention. There is presented in this case an important question of law. There was also a controverted question of fact as to what was the contract between the parties. Plaintiff also sought to establish the reasonable value of the services performed. Both questions of law and fact can appropriately be tried in this action at law without resorting to a writ of review: *Metschan* v. *Grant County,* 36 Or. 117, 120 (58 Pac. 80); *Wallowa County* v. *Oakes,* 46 Or. 33, 35 (78 Pac. 892); *Mackenzie* v. *Douglas County; ante,* p. 442 (159 Pac. 625). Upon a writ of review the court will not examine a disputed question of fact: *Oregon Coal Co.* v. *Coos County,* 30 Or. 308 (47 Pac. 851);

*Curran* v. *State,* 53 Or. 154 (99 Pac. 420). In such a proceeding the court will consider only such facts as are disclosed by the record presented by the return: *Raper* v. *Dunn,* 53 Or. 203, 205 (99 Pac. 889). In such case evidence outside of the record will not be considered: *Gue* v. *City of Eugene,* 53 Or. 282, 288 (100 Pac. 254); *Gay* v. *City of Eugene,* 53 Or. 289, 294 (100 Pac. 306, 18 Ann. Cas. 188). "When the facts are all admitted," says Mr. Justice Strahan in *Vincent* v. *Umatilla Co.,* 14 Or. 375 (12 Pac. 732), "the sole question at issue is one of law, and the writ may furnish a cheap and expeditious remedy.

2. The question herein presented for consideration involves the construction of Chapter 301, General Laws of Oregon, 1913 (see page 576), as to who is authorized to enter into a contract on behalf of a county for the printing of the delinquent tax list. That statute, in so far as necessary to here note, requires that four months after the date when taxes charged against real property are delinquent, the tax collector shall cause to be published once each week for four successive weeks in the newspaper or newspapers selected by the County Court to publish court proceedings under the provisions of Section 2902, L. O. L., a notice of delinquent taxes on real property and statement that six months after such taxes are delinquent a tax certificate of delinquency will issue. Such notice shall be published for a price not exceeding the price prescribed by Section 2903, L. O. L. The act further provides that in counties of 100,000 or more inhabitants the County Court shall cause such delinquent tax to be published in daily newspapers having a specified circulation, and definitely fixes the compensation for such publication in the latter class of counties which does not include the defendant

county. Coos County is in the class containing over 10,000 population.

We turn now to Sections 2902 and 2903, L. O. L., to which for brevity's sake reference is made in the act of 1913. The two laws, so far as they relate to the same subject, must be construed *in pari materia.* Section 2902 requires the County Court of counties of the class embracing the defendant to select two newspapers having the largest circulation within the county, in which the proceedings of the court as entered of record shall be published at the expense of the county. Section 2903 is as follows:

"Compensation for the publication of such list of claims and proceedings shall be fixed by the County Court: Provided, that for each square of ten lines of brevier type (newspaper measure), or its equivalent, the cost shall in no case exceed fifty cents per square as aforesaid."

It will be seen, therefore, that the price for printing the delinquent tax list as provided by Chapter 301 is that to be fixed by the County Court not exceeding the figure named. The County Court having in the manner prescribed by Section 2904 obtained the information as to the number of *bona fide* subscribers of the plaintiff's newspaper and one other, selected the two publications as the county official newspapers. On the day of the appointment of the official organs which was the proper time as announced in *Flagg* v. *Columbia County,* 51 Or. 172 (94 Pac. 184), pursuant to the authority given, that tribunal fixed the amount to be paid by the county for such services. Sections 2902 and 2903, L. O. L., are as much a part of the act of 1913, in so far as the provisions are cognate to the subject matter thereof, as though the provisions relating to the fixing of the price were incorporated in

that statute. Again, as emphasizing the legislative intent, Section 937, L. O. L., declares:

"The County Court has the authority and powers pertaining to county commissioners to transact county business; that is— * * 9. To have the general care and management of the county property, funds, and business, where the law does not otherwise expressly provide."

See *State* v. *Holman,* 68 Or. 546 (137 Pac. 771).

3, 4. The tax collector is a ministerial officer, and is not empowered by our statute in this instance to make a contract binding upon the county for the performance of the work in question. The provision relating to counties of over 100,000 inhabitants does not indicate to us that the legislature intended to confer such authority upon that official as contended by counsel for plaintiff. The plaintiff was aware of the rate designated by the County Court and before the printing was done applied to that tribunal to change the order made from three to five cents a line, which request was denied. The selection of the newspaper and establishing the compensation for the notice to be published therein by the County Court and the acceptance of such appointment by plaintiff by doing the work constituted a contract for the printing of the delinquent tax list which neither the county nor plaintiff had a right to ignore after the services were performed: *Flagg* v. *Columbia County,* 51 Or. 172 (94 Pac. 184); 29 Cyc. 700 (e).

5. Under the facts in this case as delineated by the evidence the matter of the averment of a reasonable value of the printing becomes unimportant, and the plaintiff was not prejudiced by any ruling of the trial court in regard thereto; that is, the plaintiff could not recover upon a *quantum meruit* when the amount of

compensation was fixed by contract pursuant to the statute. The plaintiff failed to establish a valid contract as alleged in its complaint, and is only entitled to the amount for which the county warrant was drawn. The trial court apparently by a slightly different process arrived at the same conclusion as indicated herein.

Finding no prejudicial error in the record the judgment of the lower court is affirmed.          Affirmed.