Viola Steiner, Plaintiff, *v.* Francis Helfrich, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, November 21, 1934.

*Goodman & Werner* [*Emanuel Goodman* of counsel], for the plaintiff.

*Henry B. Albert* [*Sidney Sugarman* of counsel], for the defendant.

Genung, J. The facts in this action are undisputed.

The defendant made and delivered a series of notes to the First National Bank, Scranton, Penn. (plaintiff's assignor and herein referred to as the plaintiff), and as security executed to plaintiff a chattel mortgage covering an automobile truck. Defendant defaulted n the payment of one of the notes. Plaintiff, in whom title vested upon the default (*Harrison* v. *Hall*, 239 N. Y. 51, 52), commenced a replevin action in the City Court of the City of New York, Bronx county, to secure possession of the truck. The sheriff seized the truck under the writ of replevin; the defendant defaulted in appearance and pleading and a default judgment was entered " awarding legal possession to the plaintiff " of the truck. Thereafter plaintiff sold the truck and realized the sum of $1,000.

Plaintiff now sues upon the notes, crediting defendant with the $1,000 received upon the sale of the truck. The defendant pleads that the judgment in the replevin action is *res adjudicata* and that is the sole question in the case.

A judgment is final and conclusive as to all matters of law and fact which actually were or legally might have been litigated and decided in an action between the same parties or their privies, and which, if again considered, would involve an inquiry into the merits of the former judgment. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Barber* v. *Kendall*, 158 id. 401; *Bell* v. *Merrifield*, 109 id. 202; *Pray* v. *Hegeman*, 98 id. 351.)

A replevin action is essentially possessory in its nature. (*Sinnott* v. *Feiock*, 165 N. Y. 444.) " The issue litigated in a replevin suit

is the present right to the possession of the property in controversy." (*Roach* v. *Curtis*, 191 N. Y. 387, 390.) It is not necessary to support a replevin judgment that damages be assessed or that the value of the property be determined (*Hammond* v. *Morgan*, 101 N. Y. 179, 186), particularly where the chattel has been replevied and not afterwards delivered by the sheriff to the unsuccessful party, but continued in the hands of the plaintiff, who succeeded in the action. (*Wolff* v. *Moses*, 26 Misc. 500.)

But defendant contends that the plaintiff was required to prove its "damages" in the replevin suit and points to the provisions of the Civil Practice Act to support his claim.

The Civil Practice Act gives to a plaintiff in a replevin action the right to recover in that action damages for an injury to the chattel or for its depreciation in value while in the possession of the defendant (§ 1118), and requires that the decision must fix the damages, if any, of the prevailing party (§ 1120), which must be awarded him, together with possession of the chattel, by the final judgment (§ 1124).

Plaintiff in this action, however, is not seeking "damages" for an injury to the chattel, nor for its depreciation while in the possession of defendant, nor for any loss caused by the unlawful detention of the chattel by the defendant. It seeks to recover the balance due it on notes of the defendant after crediting defendant with the sum realized upon the sale of the security. The replevin action was merely a step taken by plaintiff to reduce to possession and sell its security.

The case of *Brawner* v. *Fahy* (64 App. Div. 122), relied upon by defendant, has no application. There the chattel was *retaken* and sold and the final judgment was not in the alternative form for possession of the chattel or its value. Plaintiff was unable to gain possession of the chattel and was held precluded from instituting a new action against the indemnitors of the sheriff for its value. In the case at bar the plaintiff did obtain possession of the chattel; there was no retaking and hence the provisions of section 1124 of the Civil Practice Act have no application.

Judgment for plaintiff for the amount sued for. Ten days' stay of execution.